JOSEPH WEHRINGER, Respondent, v. FRED. AHLEMEYER, Appellant.

23  277
178  129

St. Louis Court of Appeals, November 9, 1886.

1. PRACTICE—AMENDMENTS—APPEALS FROM JUSTICES.—It is error to permit the plaintiff to amend his cause of action in the circuit court by filing an account showing a balance of two hundred and fifty dollars, when the justice's transcript shows that the cause was tried

before him on an account showing a balance of $187.50, and that a judgment was rendered for the plaintiff, from which the defendant appealed.

2. ——— VERDICT AGAINST INSTRUCTIONS.—A verdict for one hundred dollars for the plaintiff should be set aside where the court has instructed the jury to find for the plaintiff in the sum of two hundred dollars, or to find for the defendant.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Reversed and remanded.*

BROADHEAD & HAEUSSLER, for the appellant: The cause of action known as "account stated," is an independent and distinct cause of action. *Cape Girardeau v. Kimmel*, 58 Mo. 83; *Brown v. Kimmel*, 67 Mo. 430; *Ward v. Farrelly*, 9 Mo. App. 370; *Kent v. Highleyman*, 17 Mo. App. 9. The circuit court erred in permitting plaintiff to file the amended statement upon the trial. *Murphy v. Bedford*, 18 Mo. App. 279; *Newman v. Kenton*, 79 Mo. 385.

HENRY BOEMLER, for the respondent: The amendment was properly made. *Vaughn v. Railroad*, 17 Mo. App. 4; *Henson v. Jones*, 20 Mo. 595; *Butts v. Phillips*, 79 Mo. 302; *King v. Railroad*, 79 Mo. 328. The finding of the jury, as to the amount, is conclusive. *Remmler v. Schmit*, 15 Mo. App. 192; *Humphries v. Printing Co.*, 10 Mo. App. 180; *Smith v. Hutchinson*, 83 Mo. 687; *Hamilton v. Berry*, 74 Mo. 176.

LEWIS, P. J., delivered the opinion of the court.

Suit was commenced before a justice of the peace on an open account, as follows:

"ST. LOUIS, July 31, 1885.

"Fred. Ahlemeyer to Joseph Wehringer, Dr.

For services rendered as hired hand from March
   3, 1882, to July 4, 1885, at $15 per month......$630 00
Credit by cash.................................. 442 50
                                                           $187 50

The plaintiff had judgment for $72.50, from which
the defendant appealed to the circuit court, where the
plaintiff got a verdict for one hundred dollars. The fol-
lowing entries appear in the bill of exceptions:

"Be it remembered, that on the trial of above cause
following proceedings were had, to-wit: Plaintiff stated
that he did not claim to recover on the account filed with
justice, claiming a balance of $187.50, but withdrew said
claim, and asked leave to file the following as an
amended account, claiming a balance due as two hundred
and fifty dollars, to-wit:

"Fred. Ahlemeyer to Joseph Wehringer, Dr.
1883.
March to July, 1885. To 29 months as a common
   laborer, at $15 per month, amounting to.......$435 00
Credit by cash....... .................. 185 00
                                                           $250 00

"And that on this account he claimed a balance due
of two hundred dollars, as agreed upon at settlement be-
tween parties. * * * .

"It appeared this amended account was filed with
the justice of the peace on September 2, 1885, and was
sent up by the justice to the circuit court, with the papers
in the case, but no mention of it, or of its filing, was
made in the transcript of the justice of the peace."

The second of these entries contradicts the first,

which, if it stood alone, would be conclusive that the amended account was first introduced in the circuit court. The trial before the justice took place on September 2, and his judgment was rendered on September 5, 1885. The paper was thus before him three days while the cause was pending, but nothing indicates that it was considered by the justice, or that it had anything to do with his judgment. The omission from the transcript might not be conclusive against a showing by parol that the amended account was treated by the justice as the foundation of the suit, and that his judgment had reference to that alone. But, in the absence of everything which might indicate these facts, we are bound to consider the account first filed as the only matter before the justice, and carried up by the appeal. That account claimed a balance due of $187.50. The amended demand was for two hundred and fifty dollars. Such an increase amounted, in effect, to a change of the demand, which thus was not " the same cause of action, and no other, that was tried before the justice," as is required by Revised Statutes, section 3058. To this was added a change by parol to an action on an account stated, when the petition gave notice only of a demand on open account.

The plaintiff testified that he worked for the defendant, as a gardener, from March, 1883, until July, 1885. That his wages came to four hundred and thirty-five dollars, and he received two hundred and forty-three dollars in all. That in August, 1885, the parties compared their accounts and had a settlement, when it was agreed between them that the defendant owed him a balance of two hundred dollars, after paying him eight dollars at that time, and that this balance yet remained unpaid. The defendant testified to the time of service and wages agreed upon, with some slight variations from the plaintiff's account. He also testified that at the time of the settlement mentioned, his account showed that the plaintiff's services since their last previous settlement, after deducting lost time, amounted to one hundred and eighty-

seven dollars, and he then paid the plaintiff eight dollars, which, added to sums previously paid, made $188.35. That the plaintiff accepted the eight dollars as a payment of all that was due him, and declared himself well satisfied.

The court gave for the plaintiff the following instruction :

"1.   The court instructs the jury that if they find, from the evidence, that plaintiff and defendant on the third day of August, 1885, had a settlement for work and labor done by plaintiff for the defendant, then the plaintiff is entitled to recover from the defendant such amount as the defendant then owed plaintiff, as shown by that settlement, less the amount the plaintiff has received on such settlement."

This instruction narrowed down the issue of fact before the jury to the single inquiry, whether the settlement ascertained a balance due from the defendant of two hundred dollars, as testified by the plaintiff, or of nothing whatever, after the payment of eight dollars, as sworn to by the defendant.   It is manifest, from the verdict of one hundred dollars in favor of the plaintiff, that the jury wholly ignored the instruction, and set up a ruling of law for themselves.   Whether there was, or was not, error in the previous proceedings, the court ought to have set aside this verdict and sustained the motion for a new trial.   It could only be in a case where the judgment was most unquestionably for the right party, that an appellate court would permit such a verdict to stand.

All the judges concurring, the judgment is reversed and the cause remanded.