## LILLIE A. KAHN, Respondent, v. LONDON ASSURANCE CORPORATION, Appellant.

**Kansas City Court of Appeals, February 15, 1915.**

1. **FIRE INSURANCE: Damages: Penalty.** The plaintiff sued to recover from defendant $1500 and ten per cent penalty and attorney fees on a fire insurance policy, issued by the defendant to her. The defendant tendered her $400, the amount the appraisers awarded her, after she suffered a loss by fire. She refused to accept it and claimed that the loss was $2179.77. The jury awarded her $1353.75 and $125 attorney's fees. *Held,* that she was entitled to recover $1353.75, but that the jury had no ground upon which to assess a penalty.

2. ———: **Vexatious Refusal and Delay.** The whole question of vexatious refusal or delay is a matter of fact to be determined by the jury. They must make up their verdict on this issue by a general survey of all the facts and circumstances in the case; and, if upon full consideration, they conclude that the refusal was unjustifiable and vexatious, the law authorizes them to assess the damages.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED (*conditionally.*)

*Fyke & Snider* for appellant.

*Yates & Mastin* and *C. S. McLane* for respondent.

JOHNSON, J.—This is an action on a fire insurance policy issued by defendant on certain household goods owned by plaintiff and contained in a residence she rented furnished to tenants. The residence was unoccupied at the time of the fire which occasioned the loss. Some of the goods were totally destroyed, others damaged, and plaintiff claimed her actual loss was over $2000. The policy insured her against all direct loss and damage by fire in the sum of $1500, and provided that defendant "should not be liable beyond the actual cash value of the property at the time any loss or damage occurs . . . and in on event exceeding what it would then cost the insured to repair or replace the said property with material of like kind and quality."

Plaintiff demanded payment of the face of the policy on the ground that the actual loss greatly exceeded that sum. Defendant denied that the loss equaled the amount of the insurance and pursuant to the terms of a stipulation in the policy the parties entered into a written agreement submitting the controversy to appraisers who returned an award appraising the loss at $400. Plaintiff refused to accept the award, claiming that it was improperly and illegally rendered and brought the present action to recover the face of the policy $1500, together with interest and also a ten per cent penalty and reasonable attorney fees for the alleged vexatious refusal of defendant to pay. The actual loss sustained by plaintiff in consequence of the fire was alleged to be $2179.77. In the answer defendant pleaded the appraisal of the loss and alleged that the amount awarded by the appraisers ($400) was a reasonable estimate of the actual loss.

The reply attacked the validity of the award and the cause was tried by both parties on the theory that

the only debatable issue in the case was the amount of the loss sustained by plaintiff. The jury returned a verdict for her assessing her loss, including interest, at $1353.75, and her attorney's fees at $125, the latter assessment being based on the finding that defendant "vexatiously failed and refused to pay such loss." No other penalty was assessed. Defendant appealed from the judgment rendered on this verdict and argues, first, that the court erred in the admission of evidence and, second, that the allowance of the attorney's fee as a penalty for a vexatious refusal to pay the loss cannot be permitted to stand in the face of the finding of the jury that plaintiff's recoverable damages are substantially less than she demanded in her petition.

There is no merit in the first point. About a year before the loss plaintiff placed her furnished house in the hands of a real estate agent to rent and made an accurate list of personal property contained in it. Six months later on the occasion of a change of tenants this list was checked over. Plaintiff kept it as a memorandum of her property and testified that it was a correct list of the property she had left in the house for the use of her tenants. It was legal evidence of the quantity and character of property defendant had undertaken to insure and was properly admitted, since that fact had a direct bearing on the issue of the extent of the damage wrought by the fire.

The second point is well taken. The pertinent statute (sec. 7068, R. S. 1909) provides that "if it appear from the evidence that such company has vexatiously refused to pay such loss, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not exceeding ten per cent. on the amount of the loss and a reasonable attorney's fee."

Before the revision of 1879 this statute contained no other predicate for the assessment of a penalty than that "the jury believe that such company has vexatiously refused to pay such loss." [See, 402, Gen.

Stat. sec. 1.] Speaking of that provision the Supreme Court in Brown v. Assurance Co., 45 Mo. 1. c. 227, said: "The whole question of vexatious refusal or delay is a matter of fact to be determined by the jury. They must make up their verdict on this issue by a general survey of all the facts and circumstances in the case; and if, upon a full consideration, they conclude that the refusal was unjustifiable and vexatious, the law authorizes them to assess the damages. The statute will not admit of the construction contended for by the counsel for the plaintiff in error, that before damages are allowed it must be explicitly proved by the plaintiff that the delay or refusal was vexatious."

That fell far short of saying that the jury might act arbitrarily or capriciously or that its belief might rest on any other than an evidentiary foundation. All that was meant was that without explicit proof of a willful refusal to pay, the jury might infer such wrong from all the facts and circumstances of the refusal, provided, of course, that such inference be fairly deducible from such circumstantial evidence. Obviously, to give emphasis to such meaning the statute was amended in the revision of 1879 (Sec. 6026) expressly to provide that the fact of a vexatious refusal must "appear from the evidence." Since this amendment the statute has not been changed in pertinent respects and has been interpreted as it was before in Brown v. Assurance Co. supra. The whole question of vexatious refusal to pay still is a matter of fact for the jury to determine from a general survey of all the facts and circumstances in the case. [Keller v. Insurance Co., 198 Mo. 1. c. 460; Kellogg v. Insurance Co., 133 Mo. App. 1. c. 403.]

But the verdict must stand on evidentiary facts and circumstances and their reasonable inferences, and when found to be opposed to any reasonable view of the case as presented, should be set aside as capricious and arbitrary. Plaintiff insisted from the begin-

ning that she was entitled to receive $1500 from defendant for the reason that her loss exceeded that sum, and when defendant refused to pay, brought suit for that amount. Defendant claimed that her loss did not exceed $400 and was willing to pay that sum, but plaintiff refused to accept such offer. The jury in their verdict found from the evidence that the amount of the loss, exclusive of interest was $250 less than plaintiff was demanding, and to that extent the verdict was in favor of defendant. How may it be said with any show of reason that defendant acted vexatiously or willfully in refusing to pay plaintiff more than it owed her under the policy? Defendant was not required at its peril to make a tender of the amount of the actual loss in the face of plaintiff's demand for a greater sum and if plaintiff wished to place defendant in the position of a wrongdoer, a willful delinquent, she should have been careful to demand and sue for nothing more than her actual damages. In demanding and suing for more,. she cannot complain of defendant's refusal to pay, and the jury had no grounds upon which to assess a penalty.

On condition that within ten days from the filing of this opinion plaintiff shall file  remittitur in the amount of the penal assessment, together with the accrued interest thereon, the judgment will be affirmed;. otherwise it will be reversed and the cause remanded.

All concur.