G. L. JOYCE, Respondent, v. LIVERPOOL, LONDON & GLOBE INSURANCE COMPANY, Limited, a Corporation, Appellant.

Kansas City Court of Appeals, April 5, 1915.

1. FIRE INSURANCE: Damages: Refusal to Pay. The plaintiff sued the defendants on its fire insurance policy for the face of the policy and for damages, and attorney's fees based on a vex·tious refusal to pay the loss. Loss occurred June 25, 1914, and was adjusted by the defendant's adjuster two or three days later. Proof of loss was made out by plaintiff on August 13th and received at the Company's office August 18th. On September 2nd plaintiff failing to receive remittance brought this suit. Company contended it had sixty days from August 18th to make payment, therefore, there was no delay or vexatious refusal to pay. *Held*, that an unexplained delay of three weeks in making payment was sufficient to raise a reasonable inference which the jury might draw that the delay was vexatious.

2. ————: Vexatious Refusal to Pay: Jury Question. The whole question of vexatious refusal or delay is a matter of fact to be determined by the jury. They must make up their verdict on this issue by a general survey of all the facts and circumstances in the case.

Appeal from Linn Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*Fyke & Snider* for appellant.

*C. M. Kendrick* for respondent.

JOHNSON, J.—This is an action on a policy of fire insurance in which plaintiff recovered judgment for the face of the policy and for damages and attorney's fees based on a vexatious refusal of defendant to pay the loss.

The only question for our decision relates to the issue of a vexatious refusal. Counsel for defendant

argue that there are no facts and circumstances shown in the evidence which warranted the court in submitting that issue to the jury, while counsel for plaintiff, of course, take the opposite position.

The policy was issued May 26, 1914, the fire occurred June 25th, and the loss was adjusted two or three days later by defendant's adjuster agreeing with plaintiff that the amount of the loss which defendant should pay was the face of the policy. For some reason not disclosed proofs of loss were not made out and mailed by plaintiff until August 13th. They were received at defendant's main office in Chicago, August 18th. They were forwarded through the adjuster whose office was in Kansas City. He acknowledged receipt of the proofs in a letter dated August 14th in which he stated he was sending the proofs to the main office with the request that the loss be paid at once. Not receiving payment plaintiff wrote the adjuster August 28th to ascertain the cause of the delay. The adjuster immediately replied:

"I sent your proofs in promptly and requested that they send you a draft at once. I do not see any reason why they have not done so. I am writing them today and enclosing your letter. I think possibly you have it by this time, or will very soon, at least I hope so."

On September 2d, plaintiff, not having received the remittance, brought this suit. Under date of September 3d, defendant's assistant manager at Chicago, wrote plaintiff acknowledging receipt of his letter of August 28th to the adjuster and claiming that defendant was allowed sixty days from August 18th, the date the proofs were received at the main office, in which to make payment and stating that "the matter has been placed in abeyance until the expiration of that time."

The writer of that letter did not know at the time he wrote it that suit had been brought on the policy and plaintiff did not know when he began suit that de-

fendant's delay in making payment was caused by its impression that the terms of the policy allowed sixty days after proofs were received for payment of the loss. The policy contained no such provision and the legal obligation of defendant was to pay the loss in a reasonable time after the receipt of formal proofs.

Considering the facts that the loss long since had been adjusted and that there was no controversy of any kind between the parties, we think an unexplained delay of three weeks in making payment was sufficient to raise a reasonable inference which the jury might draw that the delay was vexatious.

"The whole question of vexatious refusal or delay is a matter of fact to be determined by the jury. They must make up their verdict on this issue by a general survey of all the facts and circumstances in the case." [Brown v. Assurance Co., 45 Mo. l. c. 227; Keller v. Ins. Co., 198 Mo. l. c. 460; Kellogg v. Ins. Co., 133 Mo. App. l. c. 403.] And while a verdict assessing a penalty for a vexatious refusal must stand on evidentiary facts and their reasonable inferences (Kahn v. London Assurance Corporation, 187 Mo. App. 216) it may stand upon mere proof of an unreasonable delay in the payment of a demand conceded to be just and payable under the terms of the contract.

The right of plaintiff to recover damages does not rest upon defendant's letter written the day after this suit was begun but upon the facts that without explanation or apparent reason it had withheld payment for nearly three weeks after it should have been made. In his letter of August 29th the adjuster could not account for the delay and said that he knew of no reason for it. Certainly plaintiff was justified in accepting his view and in bringing suit to enforce payment of the loss and the infliction of the statutory penalty. Defendant's letter of September 3d was properly received in evidence, over the objection of defendant, since it tended to prove that when suit was brought,

payment of the loss was being purposely delayed and that defendant had no intention of tendering payment until the lapse of sixty days from August 18th.

The facts and circumstances appearing in the evidence abundantly justified the court in submitting the issue of vexatious refusal to the jury. The judgment is affirmed.

All concur.