GRACE FAGER et al., Respondents, v. COMMERCIAL UNION ASSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 24, 1915.

1. **FIRE INSURANCE: Damages: Vexatious Delay.** The plaintiff took out two fire insurance policies at different dates, one upon her home for the sum of $2800 and the other upon her furniture for the sum of $1000. While the policies were in force and effect the house and contents were destroyed by fire. The plaintiff refused to adjust the loss on the personal property and insisted on the face value of the policy. The defendant denied all liability for damages to the house. The jury awarded less damage than was asked for by plaintiff together

with the statutory penalties. *Held*, that where the actual loss of plaintiff, as ascertained by the jury, was less than she had demanded of the defendant there was no evidentiary basis for the assessment of penalties under Sec. 7068, R. S. 1909.

2. **INSTRUCTIONS: Classes of Property.** Where instructions are given at the instance of plaintiff which properly observe the distinction between two classes of property, separately specified and valued in the first policy and the jury were given no opportunity to ignore the different valuations, and, which correctly state the measure of damages as to each class, they are not erroneous.

3. **PLEADING: Affirmative Defenses.** An affirmative defense cannot be made under a general denial, and when it is not especially pleaded in the answer, the court will not err in rejecting such evidence.

4. **VERDICT: Excessive.** Where the jury assess penalties after finding that plaintiff's demand was excessive the court should correct this error on the hearing of the motion for new trial.

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird*, Judge.

AFFIRMED CONDITIONALLY.

*Fyke & Snider* and *Smith & Chastain* for appellant.

*Silvers & Silvers* for respondents.

JOHNSON, J.—This is an action on two policies of fire insurance issued on different dates. The first, which is the basis of the cause of action pleaded in the first count of the petition, insured plaintiff, Grace Fager, against loss or damage by fire for three years from November 1, 1910, in the total sum of $2000, itemized as follows: "$1000 upon the two-story frame building and additions thereto . . . occupied as a dwelling . . . in the city of Butler. Also $1000 on household furniture while contained in the above described dwelling." The second policy, issued August

12, 1912, carried additional insurance in the sum of $1800, upon the same building but did not cover the household goods. Each policy contained a stipulation (referred to in the petition) permitting other concurrent insurance, but there was no allegation of the existence at the time of the fire of concurrent insurance, either in the petition or in the answer, although in the latter pleading a number of affirmative defenses, as well as a general denial, were alleged. The house and household goods were damaged by fire while both policies were in force.

It is alleged in both counts of the petition that the damage to the house was $3500, and in the first count that the damage to the household goods was $2700, and as the alleged loss on each class of property was greater than the insurance thereon, plaintiff prayed in each count for the recovery of the full amount of the policy and for statutory penalties for vexatious refusal to pay the loss. The evidence of plaintiff tends to show that the actual damage to each class of property exceeded the insurance thereon, while the evidence of defendant is that the damage was much less and that before bringing suit plaintiff refused to adjust the loss on the personal property on any other basis than that of the liability of defendant to pay the full amount of the insurance on that property. For a reason, not now important, defendant denied liability for the damage to the house.

In the instructions given at the request of plaintiff, the jury were told ''that if you find for the plaintiff on the first count of the petition on account of the loss of personal property by fire you shall assess her damage therefor at the actual cash value of the personal property destroyed by fire, not exceeding one thousand dollars  .  .  .  in ascertaining the value of the personal property destroyed by fire, if any, you should deduct from the fixed value, the value of any property covered by said policy which was removed

Fager v. Union Assurance Co.

from the building or saved from the fire and also deduct the amount of depreciation in the value of the property so destroyed, if any, between the date of the issue of the policy and the date of the fire and in any event you cannot assess her damages, on account of or damage to personal property at a sum to exceed $1000, . . . if you find for the plaintiff on account of damage to her house by fire, the aggregate amount which she is entitled to recover for such damage is the amount of expenditure necessary to repair and rebuild said house, so as to put it in the same condition it was in immediately before the fire, and the amount of her recovery on account of damage to her said house by fire, if any, is further limited in this, that she cannot recover for such damage, if any, on the first count of her petition in a sum exceeding $1000, nor on the second count in a sum exceeding $1800.'' As to the penalty claimed by plaintiff the jury were instructed that the refusal to pay the loss was vexatious if it was willful and without reasonable cause for a belief by defendant that ''there was no liability from defendant to plaintiff or not so great a liability as plaintiff claimed.''

The verdict was for plaintiff on the first count for damages in the sum of $1675 and for penalties, including attorney's fee of $267, and on the second count for $1400 damages and $240 penalties. The motions for a new trial and in arrest of judgment were overruled and defendant appealed.

The first point argued by counsel for defendant is that each item of insurance in the first policy, i. e., the two items covering respectively the house and household goods, was a separate and distinct contract of insurance and ''hence plaintiff's instruction requiring the jury to consider and value the two as one and apply the presumption of value and depreciation as though they were one was erroneous. Each should have been dealt with separately.''

Where the policy separates the property insured into distinct classes and specifies the amount of insurance upon each, the contract is severable into as many contracts as there are separate classes of property insured on separate valuations, and the fact that the policy may be void as to the insurance on one class will not necessarily impair its validity as to another. [Crossan v. Insurance Co., 133 Mo. App. 537; Trabue v. Insurance Co., 121 Mo. 75; Loehner v. Insurance Co., 17 Mo. 247; Koontz v. Insurance Co., 42 Mo. 126.]

Obviously where the parties have agreed upon separate valuations of the different subjects of the insurance and thereby have made each class of property a distinct matter of contract (Merrill v. ¬nsurance Co., 73 N. Y. 452) the case should not be put to the jury in the instructions as though the entire insurance were *in solido*, since, in many instances that would allow the jury to ignore the separate valuations in the policy and award a greater recovery on one class than that allowed by the policy valuation. [Crossan v. Insurance Co., supra.] But we find the instructions given at the instance of plaintiff, from which we have quoted, observed the proper distinction between the two classes of property separately specified and valued in the first policy, gave the jury no opportunity to ignore the different valuations and correctly stated the measure of damages as to each class. The point is ruled against defendant on the ground that the rule invoked was sufficiently followed.

Further it is argued by defendant that the judgment is excessive for the reason that there was other concurrent insurance on the property covered by the policies in suit, proof of which was offered by defendant, but was rejected by the court on the objection of plaintiff, and that such proof, if received, would have lessened the amount of plaintiff's recoverable damages.

This was an affirmative defense which could not be made under a general denial (Northrup v. Insurance Co., 47 Mo. 435; Barr v. Lake, 147 Mo. App. 252) and since it was not specially pleaded in the answer the court did not err in rejecting the evidence. [Hilburn v. Insurance Co., 140 Mo. App. 355; Hester v. Insurance Co., 69 Mo. App. 186; Burgess v. Insurance Co., 114 Mo. App. 169.]

We agree with defendant that the judgment is excessive in the amount of the penalties assessed for the alleged vexatious refusal of defendant to pay the loss. The jury found in their verdict that the liability of defendant was materially less on each count of the petition than that alleged by plaintiff and sought to be established by proof, but in plain violation of plaintiff's own instructions, which told them that defendant should not be penalized if it had reasonable cause to believe that its liability to plaintiff was not as great as she claimed, the jury assessed the penalties, after finding, as a fact, that plaintiff's demand was excessive. This was error which the court should have corrected on the hearing of the motion for a new trial. The jury were bound to obey the instructions of the court and plaintiff is not entitled to a greater recovery than they would allow. [Wehringer v. Ahlemeyer, 23 Mo. App. 277; Champ Spring Co. v. Tool Co., 103 Mo. App. 103.]

The instructions properly declared the law. In the recent case of Kahn v. London Assurance Co., 173 S. W. 695, 187 Mo. App. 216, we held that where the actual loss of the plaintiff, as ascertained by the jury, was less than she had demanded of the defendant there was no evidentiary basis for the assessment of penalties under section 7068, Revised Statutes 1909.

Upon condition that within ten days from the filing of this opinion plaintiff enter a remittitur of all penalties assessed in the judgment, and interest there-

on, the judgment will be affirmed; otherwise it will be reversed and the cause remanded. It is so ordered.

All concur.