NICHOLAS J. GLOVER, Respondent, v. LIVER-
    POOL & LONDON & GLOBE INSURANCE
    COMPANY, Appellant.

Kansas City Court of Appeals, May 22, 1916.

FIRE INSURANCE: Vexatious Delay and Refusal to Pay: Plead-
    ing.  The vexatious refusal to pay fire assurance loss is a fact
    to be determined by the jury from the evidence, and the real
    issue is whether or not the defendant, before suit, refused a
    fair opportunity to discharge its actual liability, and the only
    fact required to be alleged in order to raise that issue is that
    defendant refused or failed to pay the loss and that such re-
    fusal or failure was vexatious.

Appeal from Buchanan Circuit Court.—*Hon. Chas. H.
                 Mayer,* Judge.

AFFIRMED.

*Culver & Phillip* for respondent.

*E. H. McVey, Duval Smith* and *Park & Brown*
for appellant.

JOHNSON, J.—Plaintiff sued to recover $1800 on
a policy of fire insurance.   The jury returned a ver-
dict for him fixing his loss at $1063.32 and assessing
a penalty and attorney's fees against defendant for
vexatious refusal to pay the loss.   Defendant filed no
motion for a new trial but within four days filed a

motion to modify the judgment "by striking there-
from the finding and judgment for the ten per cent
penalty and for the attorney's fee, for the reason that,
as shown by the verdict, plaintiff is not entitled to
recover damages for vexatious delay or attorney's
fee." This motion was overruled, judgment was ren-
dered on the verdict and defendant appealed.

As no motion for a new trial was filed defendant
filed no bill of exceptions and the only question we
are asked by defendant to consider is that on the face
of the record proper, brought to us in the abstract
of the record, the court should have rendered judg-
ment only for the amount of the loss and interest as-
sessed in the verdict and should not have included a
penal assessment therein. The petition alleges: "That
in consequence of said fire plaintiff was damaged to
the extent of the value of said property in the sum of
$2450, for $1800 of which said sum the defendant by
said policy of insurance became liable to pay to the
plaintiff within sixty days after the furnishing of
said proof of loss to the defendant; that more than
sixty days have elapsed since furnishing of said proof
of loss, and all proofs of loss required by the defend-
ant of the plaintiff, but that the defendant, without
any cause or excuse whatsoever, has failed to pay to
the plaintiff the amount of loss so suffered by him
*or any part thereof,* and the defendant *continues to
refuse to* pay the plaintiff the amount due him on ac-
count of said loss, without any cause or excuse what-
ever, and solely for the purpose of vexatiously delay-
ing the plaintiff in recovering and receiving satisfac-
tion of the amount due him. . . . That in conse-
quence of the failure of the defendant to pay plaintiff
the amount due him on account of said loss under said
policy the plaintiff has been required to and has em-
ployed attorneys to recover said loss for him, and
that the reasonable value of the services of said attor-

neys in said matter and a reasonable attorneys' fee is the sum of $250. Wherefore plaintiff prays judgment against the defendant for the sum of $1800, with interest thereon from the 15th day of April, 1914, at the rate of six per cent per annum, and in the further sum of $265 penalty, and attorneys' fees and for his costs.''

The answer contained a general denial, a defense to the merits founded on the allegation that the interest of plaintiff in the property insured was not that of unconditional and sole ownership and the further defense that ''said property was injured by fire to an amount not exceeding ten hundred sixty-three dollars and twenty-one cents ($1063.21), and that the parties hereto by written agreement submitted the amount of the loss to three appraisers who on July 11, 1914, fixed the amount of the loss at $1319.62.''

The reply admitted an agreement to appraise the loss but alleged that if the appraisers should fix the award at $1017.62 defendant agreed to pay that sum to plaintiff immediately, that after the award was made defendant refused to pay the agreed sum and that by reason of such refusal ''such award and findings . . . are in no way binding upon the plaintiff.'' Defendant argues that since plaintiff sued for $1800, the full amount of the policy and recovered only $1063.32 as the full measure of his loss, there is no basis for a finding of vexatious refusal to pay.

The statute provides (sec. 7068, R. S. 1909): ''In an action against any insurance company to recover the amount of any loss under a policy of fire . . . insurance, if it appear from the evidence that such company has vexatiously refused to pay such loss, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages,'' etc.

It will be noted that the ''loss under the policy'' measures the obligation of the insurer and the vexa-

tious refusal of the insurer to acknowledge and discharge such obligation will give cause for the assessment of a penalty. If the amount of the insurance stated in the policy be greater than the actual loss caused by the fire the insurer cannot be penalized except for a vexatious refusal to pay the actual loss.

In the instant case since the loss, as found by the jury, was $1063.32, defendant could not be justly punished as a wrongdoer for refusing to pay plaintiff $1800, the full amount of the policy, which exceeded the amount of the indemnity due plaintiff "under the policy" by more than $900. It is too plain for argument that defendant was justified in resisting the demand sued for in the petition since it materially exceeded the amount defendant owed plaintiff and if it appeared that at all times before bringing the suit plaintiff had declined to settle the loss for less than the face of the policy, or for the amount actually due, we would hold as we did in Kahn v. Assurance Corporation, 187 Mo. App. 216, and Fager v. Ins. Co., 189 Mo. App. 464, that no penalty could be lawfully assessed. As we said in the first case: "Defendant was not required at its peril to make a tender of the actual loss in the face of plaintiff's demand for a greater sum, and if plaintiff wished to place defendant in the position of a wrongdoer, a willful delinquent, she should have been careful to demand and sue for nothing more than her actual damages. In demanding and suing for more, she cannot complain of defendant's refusal to pay, and the jury had no grounds upon which to assess a penalty."

But we find defendant in no position to claim the benefit of the rule applied in the cited cases. The statute contemplates that the whole question of vexatious refusal or delay shall be a matter of fact to be determined by the jury "from the evidence." [Kahn v. Ins. Co., supra. Brown v. Assurance Co., 45 Mo. l. c.

227; Keller v. Ins. Co., 198 Mo. l. c. 461; Kellogg v. Ins. Co., 133 Mo. App. l. c. 403.] The issue to be investigated and determined is the conduct of the insurer preceding the filing of the suit. [Famechon v. Devore, 184 Mo. App. 577.]

The question to be solved by the jury from all the evidentiary facts and circumstances is whether the defendant refused to avail itself of a fair opportunity to discharge its obligation by paying the amount of the actual loss or was deprived of such opportunity by the arbitrary conduct of the insured in demanding more than was due under the policy. A refusal or neglect of the insurer to pay what is due and payable is vexatious within the meaning of the statute and if continued until suit is brought the plaintiff will be entitled to demand and recover the penalty in his action though he sue for more than his actual loss. There is a vital difference between the position of an insurer who wrongfully refused to recognize any liability under the policy and one (as in the Kahn and Fager cases) whose only asserted offense was that of refusing to accede to a demand in excess of the liability under the policy. And where, as in the instant case, the insurer refused the offer of the insured to accept the amount of the actual loss in complete satisfaction of the liability and thereby compelled the insured to bring suit for the recovery of what was due him, the jury are entitled to find such refusal was vexatious and to inflict the penalty, regardless of whether or not the pleaded demand is in excess of the real liability.

This is in accord with our ruling in the Kahn and Fager cases where the plaintiff's demand, at all times, materially exceeded the sum he was entitled to recover.

The allegations of the petition charge a vexatious refusal to pay the amount of the pleaded demand.

which, as stated, was $1800, and it is urged that plaintiff should not be allowed to recover as for a vexatious refusal to pay the actual loss of $1063.32. As a rule a plaintiff is held to the specifications in his petition, but that rule is not applicable here. The pleaded cause of action is the demand for the loss and the demand for the infliction of a penalty is merely incidental thereto. Since the whole question of vexatious refusal is a matter of fact to be determined by the jury from the evidence and the real issue is whether or not the defendant before suit refused a fair opportunity to discharge its actual liability, the only fact required to be alleged in order to raise that issue is that defendant refused or failed to pay that loss and that such refusal or failure was vexatious.

Such, in substance, is the allegation in the petition before us, and the mere fact that the amount of the pleaded demand for the loss is excessive should not be regarded as restrictive or definitive of the charge of a vexatious refusal which should be given its obviously intended meaning of a refusal to ascertain and pay the actual loss. Where, as here, the issue is peculiarly a matter of fact to be determined from the evidence, the strict rules of pleading should be relaxed and where the ultimate fact of a vexatious refusal is alleged, the issue becomes entirely one of evidence.

Since defendant has brought no part of the trial to us except the record proper and the petition is sufficient, as we have just shown, to support the verdict in its entirety, we must assume the evidence justified the penal assessments.

What we have said disposes of the case and it will not be necessary to discuss the question of pleading arising from the omission of defendant to file a motion for a new trial.

The judgment is affirmed. All concur.