This is an original proceeding by certiorari whereby it is sought to quash an opinion of the Kansas City Court of Appeals in the case of Miller v. Mutual Benefit, Health Accident Association, 56 S.W.2d 795, because the opinion is alleged to be in conflict with certain decisions of this court. The only question involved in the case is the construction and interpretation of certain clauses in an insurance contract. We will, therefore, quote in full the opinion of the Court of Appeals. It reads:
"Plaintiff brought suit upon an accident and health insurance policy to recover loss of time resulting from sickness which caused him to be continuously confined within doors from April 28, 1931, to May 6, 1931, and for sickness which disabled him from work but did not cause him to be confined within doors, from May 5, 1931, to May 23, 1931, and for loss of time resulting from sickness which caused him to be continuously confined within doors from May 23, 1931, to June 8, 1931. The cause was tried to the court, jury waived, finding and judgment in favor of plaintiff in the sum of $139.93. The defendant has appealed.
"The plaintiff, though disabled, as claimed by him, did not consult *Page 923 
with a doctor until May 23. Counsel for the parties agree: `There is only one question involved in the appeal, viz: Is the plaintiff entitled to receive benefits for the disability preceding his consultation with a doctor?' The question will be determined by construing the contract of insurance, the pertinent parts of which are as follows:
"`Illness Indemnities. Part H. Confining Illness One Hundred Dollars Per Month for Life.
"`The Association will pay, for one day or more, at the rate of One Hundred ($100) Dollars per month for disability resulting from disease, the cause of which originates more than thirty days after the date of this Policy, and which confines the Insured continuously within doors and requires regular visits therein by legally qualified physician; provided said disease necessitates total disability and total loss of time.
"`Part I. Non-confining Illiness, Fifty Dollars Per Month.
"`The Association will pay, for one day or more, at the rate of Fifty ($50) Dollars per month, but not exceeding one month, for disability resulting from disease, the cause of which originates more than thirty days after the date of this policy, and which does not confine the Insured continuously within doors but requires regular medical attention; provided said disease necessitates total disability and total loss of time.
"`Additional Provisions. (a) This policy does not cover death, disability, or loss sustained in any part of the world except the United States and Canada, or while engaged in military or naval service, or while the Insured is not continuously under the professional care and regular attendance, at least once a week, beginning with the first treatment, of a licensed physician or surgeon, other than himself. . . .'
"The defendant contends the provisions of the policy are in harmony with each other and `each should be given equal weight.' [Paul v. Missouri State Life Insurance Company (Mo. App.),52 S.W.2d 437, 438.] Upon the facts of record, if one of the provisions of the policy makes liability and another withholds it, the former will be enforced and the latter disregarded. Such is the rule governing the construction of contracts of insurance. [Kimbrough v. National Protective, 225 Mo. App. 913,35 S.W.2d 654; Mathews v. Modern Woodmen, 236 Mo. 326, 139 S.W. 151, Ann. Cas. 1912d 483; State ex rel. v. Trimble, 327 Mo. 899,39 S.W.2d 355.]
"We do not find ambiguity in part H. Therein defendant promised to pay plaintiff at the rate of $100 per month for disability resulting from disease which confined him continuously within doors `and requires regular visits therein by legally qualified physician.' The term `requires, has been defined as meaning `to need; want, or have *Page 924 
occasion for.' [54 C.J. 691; Bowerman v. Lackawanna Min. Co.,98 Mo. App. 308, 71 S.W. 1062; Music v. Commonwealth, 186 Ky. 45, 216 S.W. 116; Norwich Fire Ins. Soc. v. Rayor, 70 Colo. 290, 201 P. 50.] But never so far as our research discloses has it been construed as meaning `must' or `shall.' Inasmuch as plaintiff suffered from the effect of sciatic rheumatism, `could not move a muscle,' it should not be said that he was not in need of medical aid. We hold that, under the terms of part H, proof of actual attendance by a physician upon the plaintiff was not an essential element of his right to recover. What has been said of part H is applicable to part I. Additional provision (a) is not, standing alone, ambiguous. Its terms are plain and clear, and thereby the defendant said the policy did not cover disability unless the insured was continuously under the care and regular attendance, at least once a week, of a duly qualified physician. Thus part H said that, in event plaintiff suffered total disability resulting from disease which confined him within doors and caused him to be in need of the service of a physician, he was entitled to benefits; while the additional provision said that plaintiff was not entitled to benefits without regard to the extent or degree of his disability unless he was actually attended and cared for by a physician. Or, to state the situation another way, part H said upon the facts here shown that plaintiff was entitled to recover; and the additional provision upon the same facts said that he was not entitled to recover. Defendant contends that part H, by its terms, withheld benefits, unless plaintiff was not only totally disabled, but was also attended by a physician. If defendant's contention in this respect is correct, no reason can be assigned for the insertion of the additional provision which clearly provides that benefits were not payable unless the insured was actually attended by a physician.
"Obviously, there is repugnancy between the insuring clause part H and the additional provision (a). The law will enforce the one which makes liability.
"The judgment is affirmed."
[1] Relator contends that the opinion is in conflict with the decisions of this court in the following cases: Liggett v. Levy,233 Mo. 590, 136 S.W. 299; Donovan v. Boeck, 217 Mo. 70, 116 S.W. 543; State ex rel. American Fire Ins. Co. v. Ellison,269 Mo. 410, 190 S.W. 879; Mathews v. Modern Woodman, 236 Mo. l.c. 342, 139 S.W. 151; Turner v. Fidelity Casualty Co., 274 Mo. 260, 202 S.W. 1078; State ex rel. National Life Ins. Co. v. Allen,301 Mo. 631, 256 S.W. 737; State ex rel. Commonwealth Cas. Co. v. Cox,322 Mo. 38, 14 S.W.2d 600; Wendorff v. Missouri State Life Ins. Co., 318 Mo. 363, 1 S.W.2d 99; Prange v. International Life Ins. Co., 329 Mo. 651, 46 S.W.2d 523; State ex rel. Western Automobile Ins. Co. v. Trimble, 297 Mo. 664,249 S.W. 902; Blanke Bros. Realty Co. v. American Surety Co., 297 Mo. 41,247 S.W. 797. *Page 925 
In State ex rel. v. Trimble, 306 Mo. l.c. 309, 267 S.W. 876, l.c. 880, this court en banc said:
"The plain language of this policy and slip is without ambiguity, and there is no room for construction. In construing it contrary to that meaning, the Court of Appeals brought its decision into conflict with decisions of this court. Unequivocallanguage is to be given its plain meaning, though found in aninsurance contract." (Italics ours.)
In Wendorff v. Mo. State Life Insurance Co., 318 Mo. 363,1 S.W.2d 99, l.c. 101, Division One of this court said:
"In the construction of the policy, the rules to be followed are well settled. The policy is a contract. Plain and unambiguous language must be given its plain meaning. The contract should beconstrued as a whole; but, in so far as open to different constructions, that most favorable to the insured must be adopted. [State ex rel. Security Mutual Life Insurance Co. v. Allen, 305 Mo. 607, 614 et seq., 267 S.W. 379, 381, 382.] However, as said in 14 Ruling Case Law, sec. 103, p. 931, the rule `does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity when none exists. . . .'"
[2] If the insurance contract in this case is taken as a whole, can it be said that its meaning is ambiguous or that its terms are inconsistent with each other? Clause (H) provides in substance that the company will pay a stipulated sum per month if the insured is, by reason of sickness, continuously confined within doors and requires regular visits therein by a legally qualified physician. Clause (I) provides in substance that the company will pay the insured at the rate of $50 per month, for not more than one month, if he be totally disabled but not confined continuously within doors, and requires regular medical attention. Additional provision (a) says the policy does not cover disability while the insured is not continuously under the professional care and regular attendance at least once a week, beginning with the first treatment, of a licensed physician or surgeon other than himself. Considering these various provisions as a whole their meaning in our opinion is plain. Additional provision (a) enlarges and explains in detail the meaning of the provisions found in clauses (H) and (I). Under the terms of the policy it is clear that the insured was not entitled to any benefits until he had been visited by a licensed physician. If, therefore, no ambiguity or conflict existed under the terms of the policy then a court had nothing to do but enforce the terms of the contract. Such has been the consistent holding this court. In Prang v. International Life Insurance Co., 329 Mo. 651, 46 S.W.2d l.c. 526, this court said:
"Courts are without authority to rewrite contracts, even insurance contracts, although it may appear that in some respects they operate harshly or inequitably as to one of the parties; they discharge their *Page 926 
full duty when they ascertain and give effect to the intentions of the parties, as disclosed by the contract which they have themselves made. [Interstate Business Men's Acc. Assn. v. Nichols, 143 Ark. 369, 220 S.W. 477; State ex rel. v. Cox.322 Mo. 38, 14 S.W.2d 600; State ex rel. v. Trimble, 306 Mo. 295,267 S.W. 876; State ex rel. v. Trimble, 297 Mo. 659,249 S.W. 902; Winters v. Insurance Co., 221 Mo. App. 519, 290 S.W. 109.]"
This court has without hesitancy construed contracts of insurance, when subject to different constructions, in favor of the insured. [Mathews v. Modern Woodmen of America, 236 Mo. 326, 139 S.W. 151; Dezell v. Fidelity Casualty Co., 176 Mo. 253, l.c. 265, 75 S.W. 1102, l.c. 1113; State ex rel. v. Trimble,327 Mo. 899, 39 S.W.2d 355.] The repugnancy found to exist by the Court of Appeals between the insuring clause part (H) and additional provision (a) was created by placing a meaning upon clause (H) that the plain terms of the contract, when considered as a whole, did not justify. The policy in express terms provides that the insured must have actually been visited by a physician before he is entitled to any benefits. The construction placed on the policy by the Court of Appeals was, therefore, in conflict with the opinion in the case of Wendorff v. Missouri State Life Insurance Co., supra, and other cases.
It follows that the record and opinion of the Kansas City Court of Appeals must be quashed. It is so ordered. Cooley, C.,dubitante; Fitzsimmons, C., concurs.