**E. Loren CROSS, (Plaintiff) Respondent,**

v.

**PEERLESS INSURANCE COMPANY, a Corporation, (Defendant) Appellant.**

**No. 30863.**

St. Louis Court of Appeals.

Missouri.

Nov. 21, 1961.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 26, 1961.

Robert E. Keaney, Burton H. Shostak, and Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, for appellant.

Curtis L. Mann, St. Louis, for respondent.

ANDERSON, Presiding Judge.

This is an action by plaintiff to recover under a policy of burglary and robbery in-

surance issued to him by defendant. Suit was originally instituted in the Third District Magistrate Court of St. Louis County. A trial in that court resulted in a judgment in favor of plaintiff. Thereafter, defendant took an appeal to the circuit court of St. Louis County. After the case reached the circuit court, plaintiff filed therein a motion for summary judgment together with a stipulation of facts. Defendant filed a like motion. The cause was then submitted to the Court. The Court overruled defendant's motion for summary judgment and sustained plaintiff's motion. Judgment was then entered in favor of plaintiff in the principal amount of $310.20, $31.10 as damages for vexatious refusal to pay, and $100 attorney's fees. From this judgment defendant has appealed.

The facts disclosed by the stipulation of the parties are as follows:

Plaintiff owns and operates the Monarch Market at 922 Goodfellow Avenue, St. Louis, Missouri. On February 26, 1958, defendant issued to plaintiff its "Storekeepers Burglary and Robbery Policy" No. SKR 034883 insuring plaintiff against burglary and robbery at said premises. The policy was for the term of one year, but was extended by a continuation certificate to February 18, 1960. On the face of the policy under the heading, "Declarations" are items 1 to 7. Under Item 1 appears the name of the insured, his address, location of the insured premises, and the business conducted thereon. Under Item 2 the policy period is stated to be from February 18, 1958 to February 18, 1959. Under Item 3 it is provided "Limit of insurance under each of Insuring Agreements 1 to VII inclusive: $500.00. Premium $67.50." Items 4, 5, 6, and 7 contain certain agreements and provisions in the nature of declarations not material to the issues on this appeal.

On the second page appear the Insuring Agreements, the material parts thereof being as follows:

"Peerless Insurance Company

"(A Stock Company, herein called the Company) Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of insurance, exclusions, conditions and other terms of this policy:

"Insuring Agreements

"I. Robbery Inside the Premises: To pay for loss by robbery of money, securities, merchandise, furniture, fixtures and equipment within the premises.

"II. Robbery Outside the Premises: To pay for loss by robbery of money, securities and merchandise, including the wallet or bag containing such property, while such property is being conveyed by a messenger outside the premises.

"III. Kidnapping: To pay for loss by kidnapping of money, securities, merchandise, furniture, fixtures and equipment within the premises.

"IV. Burglary; Safe Burglary: To pay for loss by safe burglary of money, securities and merchandise within the premises and for loss, not exceeding $50, by burglary of money and securities within the premises.

"V. Theft—Night Depository or Residence: To pay for loss by theft of money and securities within any night depository in a bank or within the house or apartment occupied as a residence by a custodian or messenger.

"VI. Burglary: Robbery of Watchman: To pay for loss by burglary or by robbery of a watchman, while the premises are not open for business, of merchandise, furniture, fixtures and equipment within the premises. Under this insuring agreement, the actual

cash value of any one article of jewelry shall be deemed not to exceed $50.

"VII. Damage: to pay for damage to the premises and to money, securities, merchandise, furniture, fixtures and equipment within the premises, by such robbery, kidnapping, burglary, safe burglary, robbery of a watchman, or attempt thereat, provided with respect to damage to the premises the insured is the owner thereof or is liable for such damage.

\*　　\*　　\*　　\*　　\*　　\*

"Conditions

"\* \* \* (i) Burglary. The word 'burglary' means the felonious abstraction of insured property from within the premises by a person making felonious entry therein by actual force and violence as evidenced by visible marks made by tools, explosives, electricity or chemicals upon, or physical damage to, the exterior of the premises at the place of such entry.

"(j) Safe Burglary. The term 'safe burglary' means the felonious abstraction of (1) a safe from within the premises, or (2) insured property from within a vault or safe located within the premises by a person making felonious entry into such vault or such safe and any vault containing the safe, when all doors thereof are duly closed and locked by at least one combination or time lock thereon, provided that such entry shall be made by actual force and violence, of which force and violence there are visible marks made by tools, explosives, electricity or chemicals upon the exterior of (a) all of said doors of such vault or such safe and any vault containing the safe, if entry is made through such doors, or (b) the top, bottom or walls of such vault or such safe and any vault containing the safe through which entry is made, if not made through such doors."

During the night of January 9–10, 1960, insured premises at 922 Goodfellow Avenue were burglarized by a person or persons unknown. In the course of the burglary, merchandise of the value of $10 and cash in the sum of $286.20 were taken from said premises, and said premises were damaged by glass breakage in the amount of $14. The $286.20 in cash was not kept in a safe.

Thereafter, plaintiff filed a proof of loss with defendant, demanding $310.20. Defendant refused to honor plaintiff's demand in said amount, but admitted its liability to plaintiff in the sum of $74, computed as follows: $10 for merchandise, $14 for glass breakage and $50 for loss of cash. Defendant claimed that $50 was under the terms of this policy the monetary limit for the cash loss which was not the result of safe burglary.

Appellant contends the trial court erred in rendering judgment in favor of plaintiff on plaintiff's motion for summary judgment. It is urged that its liability for loss of money by reason of the burglary was fixed by clause IV of the Insuring Agreements at the sum of $50. Respondent contends he is entitled to recover the actual money loss suffered, $286.20, based upon a claim of ambiguity and repugnancy between insuring clause IV and the provision appearing on the face of the policy fixing the insurance limits under each of the Insuring Agreements at the sum of $500, which requires a construction favorable to the insured.

■ An insurance contract, like any other contract, must be construed to give effect to all provisions of the policy, if possible. Soukop v. Employers' Liability Assur. Corporation, Limited, of London, England, 341 Mo. 614, 108 S.W.2d 86, 112 A.L.R. 149; State ex rel. Mutual Benefit, Health and Accident Ass'n v. Trimble, 334 Mo. 920, 68 S.W.2d 685; Taylor v. Loyal Protective Insurance Co., Mo.App., 194 S. W. 1055. The rule is stated in Soukop v.

Employers' Liability Assur. Corporation, supra, loc. cit. 92, as follows:

" * * * no substantive clause should be allowed to perish by construction unless unsurmountable obstacles stand in the way of any other course; looking to the instrument as a whole, courts should give such construction that each clause will have some effect and perform some office; seeming contradictions must be harmonized, if that course is possible; a construction which entirely neutralizes one provision should not be adopted if the contract is susceptible of another construction which gives effect to all of its provisions and is consistent with the general intent."

In the instant case, the sole dispute between the parties relates to loss of cash by burglary. The only provision in the policy which obligated defendant to pay for such a loss is clause IV of the Insuring Agreements. Under its terms liability for money lost through burglary, when that money is not within a safe within the premises, is limited to $50. The language employed is clear and unambiguous, and in our judgment is not rendered ambiguous by the general clause appearing on page one of the policy setting a limit to the amount of insurance under the Insuring Agreements. This latter clause should be construed as fixing the maximum liability where the particular insuring clause places no limitation on the amount recoverable. The two clauses when considered together are neither ambiguous nor repugnant. Our conclusion is that plaintiff is only entitled to recover the sum of $50 on account of money lost by reason of the burglary. In addition plaintiff is entitled to recover $10 for merchandise taken and $14 for glass breakage sustained as a result of the burglary, making the total sum due, $74. For said sum plaintiff is entitled to a judgment against defendant.

In addition, since defendant made no tender or offer of judgment under Civil Rules 77.22, 77.24 and 77.25, V.A.M.R., plaintiff is entitled to recover his costs.

Plaintiff is not entitled to recover the statutory penalty and attorney's fee under the vexatious refusal-to-pay statute, R.S.Mo.1959, § 375.420, V.A.M.S. No recovery under the statute can be had where the insured seeks a recovery of more than that to which he is entitled. Boenzle v. U. S. Fidelity and Guaranty Co., Mo.App., 258 S.W.2d 938; Kahn v. London Assurance Corp., 187 Mo.App. 216, 173 S.W. 695; LaFont v. Home Insurance Co., 193 Mo. App., 543, 182 S.W. 1029.

The judgment appealed from is reversed and the cause remanded with directions to enter a new judgment in favor of plaintiff and against defendant for the sum of $74 together with the costs of the action.

RUDDY, J., and JOHN J. KELLY, Jr., Special Judge, concur.

WOLFE, J., not participating.