Laurie A. McMENAMY,
Plaintiff-Appellant,

v.

Laurine MAIN and Robert S. Maher,
Defendants-Respondents.

Nos. 48624, 48617.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 26, 1985.

Charles J. McMullin, St. Louis, for plaintiff-appellant.

Robert R. Sandcork, Clayton, for defendant-respondent Main.

Tyree C. Derrick, St. Louis, for defendant-respondent Maher.

GAERTNER, Judge.

Plaintiff, Laurie A. McMenamy, commenced this action in the Circuit Court of St. Louis County, Division No. 33 (a division presided over by an associate circuit judge) seeking $925.00 for damage to her parked Karmann Ghia automobile which had been struck by the automobile of defendant Maher after an intersection collision between that vehicle and the automobile of defendant Main. Main and Maher crossclaimed against each other. After a hearing before an associate circuit judge, judgment was entered in favor of plaintiff for $925.00 against defendant Main and in favor of defendant Maher for $800.00 on his crossclaim against Main. An application for a trial de novo was filed by defendant Main. Subsequently, plaintiff was granted leave to increase the prayer of her petition for $5,000.00. However, on the day the trial de novo commenced, the trial court sustained a motion to strike this amendment on the grounds that § 512.280, RSMo.1978, prohibits amendments to the pleadings on trial de novo. A jury trial resulted in verdicts in favor of plaintiff and against defendant Main with plaintiff's damages assessed at $4,650.00 and in favor of Maher on his crossclaim against Main in the sum of $1,025.00 with fault apportioned between these two at 80% Main and 20% Maher. Judgment was then entered in favor of plaintiff for $925.00 and in favor of defendant Maher in the sum of $820.00. Plaintiff appeals from the $925.00 judgment contending the court erred in striking the amendment to her pleadings, and defendant Main appeals from the judgment in favor of Maher.

"The same cause of action, and no other, that was tried before the associate circuit judge, shall be tried before the judge upon the trial de novo...." § 512.280, RSMo. 1978. This statutorily mandated rule was applicable to the former magistrate courts and the justice of the peace courts. § 512.280, RSMo.1969 (Magistrate); Section 2358, RSMo.1929 (Justice of the Peace). The trial court and defendant Main relied upon two decisions of the former St. Louis Court of Appeals as support for the proposition that this statute prohibited the amendment of the prayer for damages on trial de novo. *Wehringer v. Ahlemeyer*, 23 Mo.App. 277 (1886); *Brennan v. McMenamy*, 78 Mo.App. 122 (1899). This case is controlled by neither *Brennan* nor *Wehringer*; the latter is distinguishable and the former is overruled.

The plaintiff in *Wehringer* filed suit in the justice of the peace court on an open account alleging a balance due of $187.50. After judgment for plaintiff, defendant appealed to the circuit court. In the circuit court, plaintiff withdrew his claim on the open account tried before the justice, and proceeded on the basis of an agreed upon account stated in the amount of $200.00. A jury was instructed that if they believed plaintiff and defendant had agreed upon an amount due, they should return their verdict in that amount. The verdict awarded plaintiff $100.00. The court of appeals, after noting the change in the amount demanded and the change from an open account to an account stated effected a different cause of action from that tried before the justice, held that reversal was mandated because the amount of the verdict showed the jury had disregarded the instruction, "[w]hether there was, or was not, error in the previous proceedings...." *Id.* at 281.

In *Brennan* the plaintiff, suing on an account, amended his petition while on appeal from the justice of the peace court merely by increasing the amounts claimed on certain items of damage. Relying upon the dicta in *Wehringer*, the court of appeals reversed, holding the change from a demand of $210.00 to one of $307.50 "changed the identity of the account; changed the cause of action...." 78 Mo. App. at 130.

Plaintiff relies upon the decision of the Kansas City Court of Appeals in

*Ralston Purina Company v. Swaithes,* 142 S.W.2d 340 (Mo.App.1940), wherein an increase in the amount of damages made after appeal from the justice of the peace court was approved where the plaintiff had proceeded in both the justice court and the circuit court on the theory of breach of warranty. "The amount to be recovered for breach of warranty, whether much or little, was no part of the cause of action, hence increasing the amount did not change the cause of action." *Id.* at 341–42. We believe the opinion of the Kansas City Court of Appeals accurately reflects the more modern approach.[1] It has been consistently held that under our contemporary form of code pleading, the prayer is not a part of a petition. *LaPresto v. LaPresto,* 285 S.W.2d 568, 571 (Mo.1955); *Salmons v. Dun & Bradstreet,* 349 Mo. 498, 162 S.W.2d 245, 252 (1942); *Stephenson v. McClure,* 606 S.W.2d 208, 213 fn. 13 (Mo. App.1980); *Household Finance Corporation v. Avery,* 476 S.W.2d 165, 167 (Mo. App.1972). The latter case contains an appropriate statement of the modern rule: "The character of a cause of action must, of course, be determined from the facts stated in the petition and not by the prayer or the name given the action by the pleader. [citations omitted]."

■ In this case, plaintiff's cause of action was for property damage caused by the alleged negligence of the defendants. The same cause of action based upon the same theory and supported by the same ultimate facts alleged was tried in the original proceeding and in the trial de novo. A difference in the amount of property damage pleaded and proven alters neither the cause of action nor the theory of recovery.

We find no violation of § 512.280 from the mere change in the amount of damages prayed for and proven.

■ In ruling that an increase in the amount prayed for does not change a cause of action, we are not unmindful of the fact that the jurisdiction of the division of the circuit court when hearing a trial de novo is purely derivative, conferring upon that division no greater jurisdiction than that possessed by the division of the circuit court in which the case was originally filed and heard. *Swetnam v. U.S. By-Products Corporation,* 510 S.W.2d 829, 831 (Mo.App. 1974). Therefore, an attempt to increase the prayer beyond the jurisdictional limit of the court in which the case was filed could not be permitted. Any judgment on trial de novo in excess of such jurisdictional limits could not stand. *Id.* Here, however, the jurisdictional limit of the division of the circuit court presided over by an associate circuit judge was $5,000.00. Had the amendment increasing the prayer of plaintiff's petition been made during the original proceeding, it would have been within the jurisdiction of the court. Since that court had jurisdiction to act to the extent of $5,000.00, and since the cause of action remains the same, the court on trial de novo had similar jurisdiction.

■ It follows that the trial court erred in striking the amendment increasing the prayer for damages. To the extent that the dicta in *Wehringer v. Ahlemeyer, supra,* and the decision in *Brennan v. McMenamy, supra,* differ from this opinion, they should no longer be followed.

The motion to strike the amendment was granted immediately before the trial com-

---

1. In so ruling we do not intend to indicate our agreement with plaintiff's third Point Relied On: "THE TRIAL COURT ERRED IN ASSIGNING AN IMPROPER AMOUNT OF IMPORTANCE TO AUTHORITIES DECIDED IN THE MISSOURI COURT OF APPEALS, ST. LOUIS DISTRICT, WHILE RELEGATING TO A LESSER DEGREE OF IMPORTANCE THOSE AUTHORITIES RELIED UPON BY APPELLANT WHICH WERE DECIDED IN THE MISSOURI COURT OF AP-

PEALS, KANSAS CITY DISTRICT." Since this contention is totally unsupported by the record, we resist the temptation to comment upon the quality of the judgment exercised by the trial court if the contention were accurate. Moreover, in view of the unification of the former districts of the court of appeals into a single court, the ancient bromide "that may be the law in Kansas City but it ain't the law in St. Louis" will hopefully be lost in antiquity.

menced, thus giving defendant Main no incentive to contradict plaintiff's evidence of the increased amount of damages. Although we infer from the jury verdict in favor of plaintiff for $4,650.00 that the jury heard evidence which supported the amended prayer, we do not know whether defendant Main bothered to controvert this evidence because the transcript is incomplete in that only the testimony of defendant Main herself was included. Instead of reversing the judgment and ordering judgment entered in accordance with the verdict of the jury, we reverse the judgment in favor of plaintiff and against Main and remand for a new trial on the issue of plaintiff's damages only, so that the trier of fact may hear evidence on both sides of this issue.

## II

■ On appeal from the judgment on Maher's crossclaim, defendant Main contends the trial court erred in submitting plaintiff's and Maher's verdict directing instructions because the evidence did not support the omission of the finding of a likelihood of collision. *See* e.g. *Hawkeye-Security Insurance Company v. Thomas Grain Fum. Co.*, 407 S.W.2d 622 (Mo.App. 1966). This appeal must be dismissed because defendant Main has filed only the transcript of her own testimony. The determination of whether evidentiary support exists for a jury instruction depends upon a complete record of all the evidence. The responsibility of preparing an adequate record on appeal rests with the appellant. *Brummit v. O'Fallon Brothers Construction Company*, 671 S.W.2d 441, 442 (Mo. App.1984).

The judgment in favor of plaintiff and against defendant Main is reversed and plaintiff's cause of action is remanded for a new trial on the issue of damages only. Defendant Main's appeal is dismissed.

PUDLOWSKI, P.J., and KAROHL, J., concur.