THE STATE ex rel. NATIONAL LIFE INSURANCE COMPANY v. WILLIAM H. ALLEN et al., Judges of St. Louis Court of Appeals.

Division Two, December 29, 1923.

1. **INSURANCE POLICY**: Unambiguous Words. A clause in the insurance policy, reading: "This policy is in one-half benefit for death resulting from any accident occurring or illness contracted within six months from date thereof; thereafter it shall be in full benefit," is not ambiguous, and does not mean that the policy is in one-half benefit if death results within six months from its date, and in full benefit if death results six months after its date, but it means what it says, namely, that if the accident occurs or the disease is contracted within six months the beneficiary is entitled to only one-half the stated benefit, even though death resulting therefrom does not occur until eleven months after its date.

2. ———: Construction: Ambiguity. When the language of a contract is plain and its meaning unmistakable, there is no ambiguity, and no room for construction, and a court cannot strain it into an unnatural interpretation or substitute a different contract.

3. ———: Construed in Favor of Insured. The rule that, where an insurance policy is open to two possible interpretations, that one will be adopted which is least favorable to the insurer, is applicable only when the contract is reasonably or fairly susceptible of different constructions; it has no application where there is no ambiguity.

*Certiorari* to St. Louis Court of Appeals.

OPINION QUASHED.

*Martin T. Farrow* for relator; *J. B. Boyer* of counsel.

(1)   The decision of the court is in conflict with Donovan v. Boeck, 217 Mo. 70, 86, and Turner v. Fidelity & Casualty Co., 274 Mo. 260, 271, in that it holds an unambiguous contract subject to construction and creates the claimed ambiguity by interpolation of words not used. (2)   The decision is in conflict with Liggett v. Levy, 233 Mo. 590, 601. The court has inserted words in the clause not there found. The contract which it professes to enforce is the one "thus written" by the court, and not the one "as written" by the parties. The express declaration of the court as to what contract it is enforcing is a direct refusal to follow the rule laid down by this court that contracts must be enforced as written by the parties thereto. (3)   The decision is in conflict with Liggett v. Levy, 233 Mo. 590, 601, in that it announces a rule for the interpretation of non-technical words in conflict with the rule announced by this court. The court, in its opinion says: "Contracts of insurance, like other contracts, are to be construed according to the plain and ordinary meaning of the words employed, unless it appears from the four corners of the instrument that both parties intended that they should be understood in a different sense." (4)   The decision is in conflict with City of St. Louis v. St. Louis & San Francisco Ry. Co., 228 Mo. 712, 736. Under the Court of Appeals rule plain contracts and plain and ordinary language is subject to construction as shown by the intent of the entire instrument. It goes further and makes this intention conclusive instead of a mere aid. (5)   The decision is in conflict with Webb-Kunze Const. Co. v. Gilsonite Const. Co.,

State ex rel. Natl. Life Ins. Co. v. Allen.

281 Mo. 629, 638, in that it holds a contract subject to construction if there are two possible interpretations and unless there is no doubt that it is not reasonably susceptible to any interpretation other than the one contended for by the insurer. Under the rule of this court a contract must be reasonably susceptible of different constructions before it can be held ambiguous.

*Garstang & Jones* for respondents.

(1) Opinion of St. Louis Court of Appeals analyzed. Mathews v. Modern Woodmen, 236 Mo. 342; Stark v. Insurance Co., 176 Mo. App. 581. (2) The construction adopted by the Court of Appeals is the natural and reasonable construction to be placed upon the death benefit clause or sentence, and leads to logical and proper conclusions. (3) Defendant's construction is strained, forced and unnatural, and leads to absurd and illogical conclusions. Turner v. Fidelity & Casualty Co., 274 Mo. 260, 266. (4) The decision is not in conflict with any of the decisions of this court cited by relator, or any other of the later decisions of this court, but is in entire harmony therewith. Donovan v. Boeck, 217 Mo. 70, 87; City of St. Louis v. St. Louis & San Francisco Ry. Co., 228 Mo. 712, 735; Liggett v. Levy, 233 Mo. 590, 596; Mathews v. Modern Woodmen, 236 Mo. 326, 342; Turner v. Fidelity & Casualty Co., 274 Mo. 260, 271; Webb-Kunze Construction Co. v. Gilsonite Construction Co., 281 Mo. 629; State ex rel. Missouri State Life Ins. Co. v. Allen, 243 S. W. 842; Blanke Bros. Realty Co. v. American Surety Co., 247 S. W. 797.

HIGBEE, C.—*Certiorari* to quash the opinion and judgment of the St. Louis Court of Appeals in the case of Mary McAlister v. National Life Insurance Company of the United States of America (reported in 251 S. W. 98) affirming the judgment of the circuit court for the plain-

tiff for the sum of $140 with interest, damages and attorney's fees, making a total of $309.

The relator, on March 3, 1919, issued an industrial insurance policy in the sum of $140 on the life of John McAlister, plaintiff's son, payable to plaintiff as beneficiary within twenty-four hours after proof of the death of her son. The controversy arises over the construction of the following clause in said policy:

"This policy is in one-half benefit for death (full benefit for disability) resulting from any accident occurring or illness contracted within six months from date hereof; thereafter it shall be in full benefit."

We quote from relator's statement:

"It (the policy) was issued on March 3, 1919, and the insured died on February 7, 1920. Relator contended that the illness which caused the death was contracted during the first six months of the policy and, therefore, it was liable for seventy dollars, one-half of the principal sum of the policy.

"On or about March 20, 1920, it formally tendered this $70, and on April 10th suit was filed before a justice of the peace claiming the full principal sum. Respondent filed with the magistrate its offer to confess judgment for the $70 plus interest and costs. Judgment was rendered against defendant for the full amount of the policy, penalty and attorney fees.

"The case was duly appealed to the Circuit Court of the City of St. Louis, where in due course it was tried on November 4, 1920. The trial court, over the objection of defendant, instructed the jury that if the insured died after the expiration of the six months the plaintiff could recover the full principal sum, even though the illness causing the death was contracted prior to the expiration of the six months, and refused to give relator's requested charge that there was no evidence of vexatious delay. . . .

"Relator claims that certain rules of construction announced by the Court of Appeals are in conflict with those last announced by this court, and that in applying these

rules of construction and holding relator liable for attorney fees the said court announced principles of law in conflict with the last controlling decisions of this court.''

The instructions given and refused appear in the opinion but the foregoing statement sufficiently outlines the controversies in the case.

After referring to numerous cases construing ambiguous clauses in policies of insurance, the learned opinion of the Court of Appeals proceeds:

''The policy provides for a death benefit for death arising from either accident or illness. The purpose of the clause in question is to fix a time limit of six months, from the date of the policy, within which the defendant insurance company is liable for one-half of said benefit, and beyond which it is liable for the full benefit. After fixing this time limit at six months from the date of the policy, the clause concludes with these words: 'Thereafter it shall be in full benefit.' The word 'thereafter,' as used in said clause, means 'after that' or 'after that time.' Viewing the clause in this light and substituting September 3, 1919, the date when the said time limit fixed would end, the clause would read:

'' 'This policy is in half benefit for death resulting from any accident occurring or illness contracted before September 3, 1919; after that time (September 3, 1919) it shall be in full benefit.'

''Thus written, it is evident that a person of ordinary intelligence reading this clause would naturally and at once reach the conclusion that the policy was in half benefit for death, either accidental or natural, occurring before September 3, 1919, and for full benefit for death occurring after September 3, 1919.   .   .   .

''The most that can be said is that the policy is so drawn as to be at least ambiguous, so that it is susceptible of the two interpretations contended for by the respective parties thereto.''

I.   We think that the learned opinion erroneously assumes that the contractual clause under consideration

Meaning of Clause. is ambiguous, re-writes it, and then proceeds to construe it as "thus written" to mean that "the policy was in half benefit for death . . . occurring before September 3, 1919, and for full benefit for death occurring after September 3, 1919."·

The clause clearly and distinctly reads: "This policy is in one-half benefit for death . . .. resulting from any accident occurring or illness contracted within six months from date hereof; thereafter it shall be in full benefit." If it had been the intention of the parties to the contract to provide unconditionally a benefit for death occurring within six months after the date of the policy, nothing would have been easier than to have so expressed it in simple language. The terms employed, however, plainly and unequivocally demonstrate such was not their purpose.

In our view of the case there is not the slightest ambiguity in the contract as written by the contracting parties, nor is there any room for construction. He who runs may read: "one-half benefit for death . . . resulting from any accident occurring or illness contracted within six months from the date hereof." It matters not when death occurs, if it resulted from "accident occurring or illness contracted within six months from the date hereof," the policy "is in one-half benefit."

II. It is a cardinal rule of construction that when the language is plain there can be no construction because Construction of Contract. there is nothing to construe. [State ex rel. Brown v. Board of Education, 294 Mo. 115, 242 S. W. 87; 12 C. J. 1302.]

In City of St. Louis v. Ry. Co., 228 Mo. 736, 129 S. W. 699, we said: "But these mere subsidiary aids fill no office, at all, when the contract is plain and unequivocal. In such case interpretation and construction by implication, in reading provisions in or out, are not allowed."

In Donovan v. Boeck, 217 Mo. 70, 86, 116 S. W. 547, this court quoted from Riggs v. Myers, 20 Mo. 239, as follows:

"The language may be inaccurate, but if the court can determine the meaning of this inaccurate language, without any other guide than a knowledge of the simple facts upon which, from the nature of language in general, its meaning depends, the language, though inaccurate, could not be ambiguous."

In Turner v. Fidelity & Casualty Co., 274 Mo. 260, 271, 202 S. W. 1082, this apposite statement is made: "But the contract here is not ambiguous. Such ambiguity as is urged arises wholly from the insistence of plaintiff that strange words, which do not appear in the policy, be interpolated therein, and then that upon the policy as amended by the interpolation a construction be put, which we are constrained to consider unwarranted."

And, in Liggett v. Levy, 233 Mo. 590, 601, 136 S. W. 302, the rule for the interpretation of simple, non-technical words is thus stated: "In construing the letter, a court is not at liberty, in order to fasten liability, to add or take away words, thereby altering the sense and either enlarging or cramping the assurance given in the instrument. [Weil v. Schwartz, 21 Mo. App. l. c. 380-381.] A cardinal rule of interpretation is that words not technical are taken in their ordinary and usual acceptance."

In Blanke Bros. Realty Co. v. American Surety Co., 247 S. W. 801, this obvious rule was stated: "Courts cannot write provisions into contracts not written by the parties to them. They can only enforce agreements as written."

The construction placed upon the clause under consideration is a strained, unnatural and inadmissible interpretation. It makes the clause read, "This policy is in one-half benefit if death results within six months from the date hereof; if death results thereafter it shall be in full benefit." With all due respect to the opinion of the learned Court of Appeals, it is manifest that this is not construction, but the substitution of a radically different contract.

III. And again, the learned opinion announces as a rule of construction that "where a policy is ambiguous

in its terms so that it is open to two possible interpretations, that one will be adopted which is least favorable to the insurer.'' The rule is that a contract must be reasonably or fairly susceptible of different constructions before it can be held to be ambiguous. [Webb-Kunze Const. Co. v. Gilsonite Const. Co., 281 Mo. 638, 220 S. W. 860, and State ex rel. v. Allen, 243 S. W. 842.]

The construction placed upon the clause under consideration being in conflict with the general principles announced by this court, it follows that the record must be quashed. It is so ordered. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is hereby adopted as the opinion of the court. All of the judges concur.