**Dorothy ENGEL (Plaintiff), Respondent,**

v.

**CORD MOVING AND STORAGE COMPANY (Defendant), Appellant.**

No. 29921.

St. Louis Court of Appeals.

Missouri.

May 6, 1958.

Motion for Rehearing or for Transfer to Supreme Court Denied June 5, 1958.

Willson, Cunningham & McClellan, J. H. Cunningham, Jr., Richard D. Gunn, St. Louis, for appellant.

Roberts P. Elam, St. Louis, for respondent.

WOLFE, Commissioner.

This action was brought to recover the value of two rugs which the plaintiff had delivered to the defendant for storage in its warehouse. The rugs were lost while in the possession of the defendant. The trial was to the court and resulted in a finding and judgment in favor of the plaintiff in the principal sum of $850 with interest, which brought the total amount of the judgment awarded to $989.68. From the judgment the defendant prosecutes its appeal.

The plaintiff's petition alleged that she had stored with the defendant some household goods and that among the goods so stored were two large rugs. The storage charges were all paid but when she sought the return of the goods the two rugs were missing and never delivered to her. She alleged that the value of the rugs was $850.

The defendant's answer admitted that the goods had been stored with it and that the rugs were missing. It further alleged that when the rugs had been delivered to it for storage by the plaintiff each rug was securely wrapped in an airtight package. It was alleged that the non-negotiable warehouse receipt covering all of the goods stored by the plaintiff contained a provision limiting the liability of the defendant to the sum of $25 for the contents of each package enumerated in a schedule attached to the receipt. The rugs appeared in the schedule as items 31 and 32. The answer continued by alleging that its liability under the contract was fixed at $50 by reason of the clause mentioned and it tendered that sum into court.

There is no dispute about the facts. Most of them were stipulated in an agreed statement at the time of trial. It was agreed that the plaintiff was the owner of the lot of household goods that she stored with the defendant in April of 1941. The schedule of the items so stored was attached to the warehouse receipt. The goods remained in storage for over thirteen years and the charges for the storage were all paid. The plaintiff requested that the defendant deliver the goods to her in September of 1954 and the defendant delivered all but the two rugs. On the schedule attached to the warehouse receipt listing all of the items stored, items 31 and 32 are each designated as "large rug".

At the time the rugs were delivered to the defendant by the plaintiff they had been cleaned and prepared for storage. Each rug had been separately rolled and wrapped with paper. Tape was placed around the seams of the paper and at the ends of the roll the wrapping paper had been tucked in and sealed so that no part of the rug was exposed.

The warehouse receipt, which was signed by both the plaintiff and the defendant, contains the following clause:

"The responsibility of the company for the contents of any package enumerated in the following schedule is by reason of the low rate charged limited to the sum of Twenty-five Dollars, unless the value thereof is made known at the time of storing and is specified on this receipt, and unless an additional charge is made by reason of a higher valuation."

There was introduced testimony that the value of the rugs as of the date that they were placed in storage was $850. On this point there is no dispute.

The defendant moved that the court enter a judgment in favor of the plaintiff for $50 and that all costs subsequent to its tender be taxed against plaintiff. This motion was overruled. The defendant offered no evidence and, as stated, the court found for the plaintiff in the sum for which she sued.

■ It is conceded that the defendant was liable for the goods lost as it undoubtedly would be when it failed to deliver the rugs upon demand and offered no excuse for its failure to do so. Sections 406.090 and 406.210 RSMo 1949, V.A.M.S.; Brown v. Sloan's Moving & Storage Co., Mo., 274 S.W.2d 310; Hoerath v. Sloan's Moving & Storage Co., Mo., 305 S.W.2d 418.

■ It is also conceded that a warehouseman may limit his liability by contract. This finds sanction in Section 406.-040 RSMo 1949, V.A.M.S., which provides that conditions may be inserted in the receipt which are not inconsistent with the act regulating warehouse receipts. Brasch v. Sloan's Moving & Storage Co., 237 Mo. App. 597, 176 S.W.2d 58.

The whole dispute here centers around the meaning of the clause limiting the liability of the company "for the contents of any package enumerated in the following schedule". The defendant contends that since the rugs were completely wrapped in paper they were packages within the meaning of the clause. The plaintiff conversely maintains that since the schedule listed them not as packages but as rugs they were not "packages enumerated" within the meaning of the clause. In other words, it is the respondent's contention that the terms of the limitation of liability clause apply only to the contents of containers or packages where the contents of the containers or packages are unknown to the warehouseman and listed as packages or containers on the schedule.

The plaintiff urges that since the defendant drafted the receipt any ambiguity must be resolved against it. The generally accepted rule is that if a contract is fairly open to two interpretations that construction must be adopted which is against him who prepared it and favor him who merely signed it. Leathers v. Metalcraft Mfg. & Sales Corp., Mo.App., 240 S.W.2d 211; Croghan v. Savings Trust Co., 231 Mo.App. 1161, 85 S.W.2d 239; Burrus v. Continental Life Ins. Co., 225 Mo.App. 1129, 40 S.W.2d 493. An essential part of this rule is that the contract must be reasonably and fairly susceptible to different constructions before it can be held to be ambiguous. State ex rel. National Life Ins. Co. v. Allen, 301 Mo. 631, 256 S.W. 737. The rule therefore is only one of a number of subsidiary aids and has no place as a rule of construction when the contract is plain. City of St. Louis v. St. Louis & S. F. R. Co., 228 Mo. 712, loc. cit. 736, 129 S.W. 691.

A proper interpretation of a contract takes into consideration the whole subject of which it treats. The contract must be viewed in its entirety as one part of it may modify or expand and illuminate the other. State Mutual Life Assur. Co. of Worcester, Mass., v. Dischinger, Mo., 263 S.W.2d 394. It must also be construed to give fair, reasonable and practical results, for it is to be presumed that it was to that end that the parties entered the contract. Tureman v. Altman, 361 Mo. 1220, 239 S.W. 2d 304, 26 A.L.R.2d 729.

Applying these rules to the clause before us, it does not appear to be ambiguous. The receipt was undoubtedly drawn to comply with the law as it relates to warehouse receipts, and Section 406.030 RSMo 1949, V.A.M.S., provides in part that the receipt shall contain "a description of the goods or of the packages containing them". The obvious purpose of this provision is that the goods stored shall in some way be properly identified. The receipt itself starts:

"Received the goods and packages (contents and condition unknown, unless otherwise specified) described in the attached schedule, to be stored in Warehouse No. 1 at 3519 Page Blvd., St. Louis, Mo., for the account of, and to be delivered to Mrs. C. B. Engel in accordance with and under the provisions of the statutes of the State of Missouri, and subject to the following conditions:"

It will be noted that the part enclosed in parenthesis clearly contemplates that the known contents of the packages could be specified. Considering the foregoing with the clause limiting the liability of the defendant "for the contents of any package enumerated" in the schedule, the words are not obscure in their meaning. New International Dictionary, Merriam-Webster, Second Edition, defines package as " * * * A bundle made up for transportation; * * * " and the same authority defines a bundle as " * * * often a loose package, esp. one wrapped in paper; * * *" The rugs were completely wrapped and certainly were in packages within the

commonly accepted meaning of that word. The word "enumerate" is defined in the same dictionary as "To count over, or tell off one after another; to number; count; to name over." The schedule as stated numbered each item including the two rugs.

■ The items were rugs and were so enumerated, but this does not change the fact that they were packaged. It was the contents and not the package for which the defendant was liable, and the fact that the contents were specified, rather than a description of the packages, does not alter the effect of the clause. The condition of the rugs could not have been known to the warehouseman. Their value was not declared. They might have been of great value or of very little value, and this was the reason for the limitation of liability which the plaintiff could have escaped had she declared the value of the rugs. It follows that the court erred in giving judgment for more than the sum provided by the contract.

In view of the above, the judgment should be reversed and the cause remanded with directions to enter a new judgment in favor of the plaintiff in the sum of $50, together with costs which had accrued up to and including December 28, 1955, the date of the tender.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded with directions in accordance with the recommendation of the Commissioner.

RUDDY, P. J., and ANDERSON, J., concur.

JOHN C. CASEY, Special Judge, not participating.