**NATION–WIDE CHECK CORPORATION, a corporation, Plaintiff-Appellant,**

v.

**Joseph M. ROBINSON, d/b/a Robinson's Drug Store, Defendant-Respondent.**

**No. 34219.**

Missouri Court of Appeals, St. Louis District.

March 28, 1972.

Susman, Stern, Agatstein & Heifetz, Kenneth R. Langsdorf, St. Louis, for plaintiff-appellant.

Kramer, Chused, Kramer, Shostak & Kohn, Burton H. Shostak, Milton P. Goldfarb, St. Louis, for defendant-respondent.

DOWD, Judge.

This appeal involves the interpretation of a written contract which established an agency relationship between plaintiff, Nation-Wide Check Corporation, as principal, and defendant, Joseph M. Robinson, as agent. In this court tried case, the court below decided in favor of the defendant, holding that the contract was ambiguous. The plaintiff appeals.

The testimony at the trial established that plaintiff is in the business of selling money orders through designated agents throughout the country. Defendant, who operated a drug store in the City of St. Louis, was one of plaintiff's agents by virtue of a written agreement entered into on August 24, 1961. On the night of January 8, 1967, a Sunday, defendant was engaged in counting the receipts for the money orders sold over the weekend, preparatory to their being picked up by the plaintiff on the following morning. During this accounting process, there was $6,318.32, on the prescription counter in the store. This sum resulted from the sale of money orders by defendant. Around 8:00 p. m. a sudden and unexplained fire engulfed the entire store, destroying it completely, along with the money which defendant had been counting. Plaintiff subsequently demanded the amount owing to it as a result of the sale of these money orders. Upon defendant's refusal, this action was brought.

No negligence is alleged here. The plaintiff relied solely on the provisions of Paragraph 10 of the agency agreement, as follows:

"It is understood and agreed that AGENT shall always be fully responsible and liable to NATION-WIDE for any and all loss of money order blanks, money or other losses resulting therefrom, loss of monies and equipment of NATION-WIDE, unless each and all of the following events have first occurred;

"a. If it is proven by direct and affirmative evidence that such blanks, monies or equipment have been stolen in one of the following two ways:

"(1) By armed robbery, provided a deadly weapon has been used or displayed; or

"(2) By burglary, provided that there are clearly visible signs of forced entry from the exterior of AGENT'S premises and that such blanks or monies have been removed from the interior of a safe or vault of not less than one-half ($\frac{1}{2}$) inch solid steel construction capable of protecting its contents against damage for at least one hour at a temperature of twelve hundred (1200°) degrees Fahrenheit which has been closed and securely locked by a combination or timelock housed within the door of such safe. or vault and that entry has been made into such safe or vault within AGENT'S business premises by actual force and violence resulting in clearly visible marks on the exterior thereof.

"b. If AGENT has kept such records as will properly and beyond reasonable doubt determine the alleged loss.

"c. If AGENT has fully and in all respects complied with each and every provision of this. Agreement. Agent shall not be relieved of his responsibility and liability as to losses of such blanks, monies and equipment as are not properly and reasonably in the premises and in the specific locations from which robbed or burglarized, it being understood and agreed that all monies of NATION-WIDE are to be kept in a safe or vault as hereinabove described during any and all hours when the premises are not open for regular business. AGENT shall be fully liable to NATION-WIDE for any

and all losses without regard to their nature and extent in the event that AGENT shall not have properly accounted for and deposited all receipts timely in accordance with this Agreement, any conflicting course of action, practice or procedure, whether regular or occasional and whether or not accepted by NATION-WIDE in any manner other than in writing as hereinafter provided, to the contrary notwithstanding."

The learned trial judge found that the provision of Paragraph 10 on which plaintiff relied to impose liability was so broad and indefinite as to be ambiguous. The court held that it could either be construed as (1) making defendant an insurer of plaintiff against loss by fire, Act of God or other cause not arising from his fault, or (2) as providing that defendant will be held liable for all losses arising other than from burglary or robbery as at common law. Having thus decided on the existence of an ambiguity, the court below construed the provision as imposing liability on defendant, as at common law, only for failure to exercise ordinary care in the handling and preservation of plaintiff's funds. No negligence having been alleged or established, judgment was rendered in favor of the defendant.

The sole issue on appeal is whether the court below was clearly erroneous in finding an ambiguity in Paragraph 10.

■ The terms fixing liability for loss upon the agent are indeed broad, but this is not to be equated with ambiguity. In the leading Missouri case on the issue of what constitutes an ambiguity, in a written contract, our Supreme Court stated: " * * * a contract must be reasonably or fairly susceptible of different constructions before it can be held to be ambiguous." State ex rel. National Life Insurance Company v. Allen, 301 Mo. 631, 256 S.W. 737, 739. First National Bank of Malden v. Farmers New World Life Ins. Co., Mo. App., 455 S.W.2d 517. In the interpretation of contract language, the words must be given their ordinary meaning unless a different meaning is indicated by context or circumstances. Steffen v. Pacific Mutual Life Ins. Co., Mo.App., 442 S.W.2d 142; Cross v. Ladue Supply, Inc., Mo. App., 424 S.W.2d 108.

■ Defendant contends that the plaintiff was required to designate the defendant an "insurer" to impose liability under these facts. We disagree. We think that the question raised by defendant of whether defendant was an insurer is irrelevant to the issue we are called upon to decide. The only issue here is whether the agreement is clear as to when liability will be imposed and when it will not. Or in other words, is more than one reasonable construction of this paragraph possible? The language of this court in the case of Board of Regents for Southeast Missouri State College v. Minner Const. Co., Mo. App., 446 S.W.2d 841, is exactly in point here. "No words of the contract are pointed out that do not have a clear meaning. It cannot therefore be said to be ambiguous." (l.c. 844). The language of Paragraph 10 is plain and unequivocal. The defendant will not be liable if he is robbed or burglarized under specified conditions. For anything else which occurs resulting in a loss to the plaintiff, the defendant, therefore, must be liable. The specificity with which the exemption from liability is stated leaves no doubt that liability will be imposed under all other circumstances. The contract does impose broad liability but this is the contract to which the parties agreed. We do not believe an alternative construction is reasonable or possible here.

■ Once it is determined that there is no ambiguity, the rule of construction against the preparer of the agreement becomes inapplicable. "A court will not resort to construction where the intent of the parties is expressed in clear and unambiguous language for there is nothing to construe." Kalen v. Steele, Mo.App., 341 S.W.2d 343, 346.

While defendant correctly maintains that the normal agency agreement imposes only a duty of reasonable care upon the agent, this common law duty can be narrowed or enlarged by stipulation of the parties. Loeb v. Hellman, 83 N.Y. 601. See 3 C.J.S. Agency § 155b. The parties in this case altered the normal agency relationship by a valid, enforceable, written contract which they had a right to make, and which we will not disturb.

Accordingly, the judgment is reversed and the cause remanded with instruction to enter a judgment in favor of plaintiff for such amount established by the evidence.

VERNON W. MEYER and ROBERT LEE CAMPBELL, Special Judges, concur.