**JOHN DEERE COMPANY, Respondent,**

v.

**Iva HENSLEY, Administrator, Estate of Henry C. Hensley, Deceased, Appellant.**

No. 58970.

Supreme Court of Missouri, En Banc.

Sept. 8, 1975.

**364**

Sam D. Parker, Robert D. Youle, Gary S. Dyer, Kansas City, for respondent John Deere Co.; Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, of counsel.

John C. Milholland, A. J. Anderson, Harrisonville, for appellant, Iva Hensley, Administratrix.

DONNELLY, Judge.

This case arises from a claim filed by John Deere Company against the Estate of Henry C. Hensley, deceased, in the Probate Court of Cass County. The claim was disallowed in the Probate Court. An appeal was taken to the Circuit Court of Cass County where the claim was allowed. An appeal was then taken to the Kansas City District of the Court of Appeals where the judgment of the Circuit Court was affirmed. The case was then transferred to this Court on the certification of a dissenting judge (Mo.Const. Art. V, § 10), and will be determined here the same as an original appeal.

In the Fall of 1967, Henry C. Hensley purchased farm machinery from two dealers in John Deere implements: Schrock and Yoder Imp. Co., Inc., Harrisonville, Missouri, and Jackson County Implement Co., Lee's Summit, Missouri. On November 13, 1967, he executed a note to Schrock and Yoder Imp. Co. in the time balance amount of $16,109.80. On December 20, 1967, he executed a note to Jackson County Implement Co. in the time balance amount of $15,947.76.

On the back of the Purchaser's Copy of each note appeared a "Notice of Proposed Group Life Insurance for Eligible Debtors," which read in part as follows:

"If a debtor whose signature is on the Note on the face hereof qualifies as an Eligible Debtor under the provision below, and if John Deere Company becomes the holder of the Note, life insurance protection under Group Creditors Life Insurance Policy No. GL–65001 issued by Rock River Life Insurance Company, Moline, Illinois, will be provided in connection with the indebtedness under said Note on the life of such Eligible Debtor. Such insurance will become effective as of the date of said Note, and a certificate describing the insurance will be furnished within thirty days. The insurance will (in absence of default in installment payments) remain in force, subject to the

terms of the group policy, until discharge of the indebtedness. The amount of insurance will be the amount necessary to discharge the indebtedness under the Note not exceeding $10,000 with respect to one or more indebtednesses as to which the Eligible Debtor is insured under the group policy and/or Prudential Group Creditors Life Policy GL–41400. Any insurance proceeds payable will be applied toward discharge of the indebtedness. No payment will be collected from or charged to the Eligible Debtor for the insurance."

The face of the notes provided that such "notices of insurance" would become applicable "only if John Deere Company becomes holder of instrument." Each note was assigned to John Deere Company. A policy of insurance, in the amount of $10,000.00, was issued by Rock River Life Insurance Company (a company owned by Deere & Company) on the life of Henry C. Hensley.

Henry C. Hensley died on May 16, 1968. All of the farm machinery covered by the notes was inventoried and sold by his Estate. On June 1, 1968, the sum of $13,281.75 was due on the Schrock and Yoder note, and the sum of $12,625.00 was due on the Jackson County Implement note. The Estate, contending it was entitled to a $10,000.00 credit from insurance proceeds on *each* note (a total credit of $20,000.00), paid John Deere Company $3,281.75 on the Schrock and Yoder note, and $2,625.00 on the Jackson County Implement note. John Deere Company contends the Estate is entitled to a *total* credit from insurance proceeds of only $10,000.00; has credited the Schrock and Yoder note in the amount of $10,000.00; and claims $10,000.00 is owed John Deere Company by the Estate on the Jackson County Implement note.

■ The determinative question in the case is the legal effect of the sentence: "The amount of insurance will be the amount necessary to discharge the indebtedness under the Note not exceeding $10,-000 with respect to *one or more indebtednesses* as to which the Eligible Debtor is insured under the group policy * * *." (Emphasis ours.)

The trial court was of the opinion that the above sentence "is applicable to and refers to both the Schrock & Yoder agreement and the Jackson County Implement Company agreement," and declared that no additional credit of $10,000.00 is due. We agree.

The provision for insurance, which appeared on the back of the notes, became viable upon assignment of the notes to John Deere Company. The "one or more indebtednesses" language referred to "one or more indebtednesses" to John Deere Company. It did not refer to "one or more indebtednesses" to Schrock & Yoder Implement Company. It did not refer to "one or more indebtednesses" to Jackson County Implement Company.

■ The rule is well-established in Missouri that "if a contract is fairly open to two interpretations that construction must be adopted which is against him who prepared it and favor him who merely signed it. * * * An essential part of this rule is that the contract must be reasonably and fairly susceptible to different constructions before it can be held to be ambiguous. * * The rule therefore is only one of a number of subsidiary aids and has no place as a rule of construction when the contract is plain. *City of St. Louis v. St. Louis & S. F. R. Co.,* 228 Mo. 712, loc. cit. 736, 129 S.W. 691." *Engel v. Cord Moving and Storage Company,* 313 S.W.2d 173, 176 (Mo.App.1958).

We may not create an ambiguity where none exists. The language used here indicates a covenant to insure the life of Henry C. Hensley in an amount not exceeding $10,000.00 with respect to one or more indebtednesses *to John Deere Company.* We consider the language clear and unambiguous.

The judgment of the Circuit Court of Cass County is affirmed, and the cause re-

manded for entry of judgment, including interest, and remand to the Probate Court of Cass County for allowance of the claim.

All concur.