**CHARLES PALERMO COMPANY, INC., and Louis Pascuzzi, d/b/a Kansas City Fruit Company, Appellants,**

v.

**Will WYANT, Jr., d/b/a Will Wyant & Son, and Will Wyant, Sr., Respondents.**

**No. KCD 27047.**

Missouri Court of Appeals, Kansas City District.

Nov. 3, 1975.

Motion for Rehearing and/or Transfer Denied Nov. 19, 1975.

Bernard L. Balkin, Keith E. Witten, Achtenberg, Sandler & Balkin, Kansas City, for appellants.

Michael H. Maher, Swanson, Midgley, Eager, Gangwere & Thurlo, Kansas City, for respondents.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

This is a consolidated appeal by Charles Palermo Company, Inc., (Palermo) and Louis Pascuzzi from an adverse judgment following a trial without a jury.

Plaintiffs filed individual suits against Will Wyant, Sr. and Will Wyant, Jr. These suits were consolidated for trial in the trial court. The petitions in each suit were identical and alleged that Wyant, Jr. was engaged in the produce business in Kansas City and plaintiffs sold merchandise and produce to Wyant, Jr. from March 31, 1971, to about September 1, 1971. The petition further alleged in the case of Pascuzzi, a balance due of $8,761.60 for such purchases, and in the case of Palermo, a balance due of $3,921.75. The petitions alleged Wyant, Sr. unconditionally guaranteed the payment by Wyant, Jr. of the accounts alleged.

The evidence showed that Wyant, Sr. had been in the produce business in Kansas City for over fifty years at the time he retired in 1963. At that time the business was taken over by his son, Wyant, Jr., who was the sole proprietor. In early 1971, Wyant, Sr. learned of financial difficulty being experienced by his son in the business. Wyant, Sr. still had a deep attachment for the business and wanted to see his son succeed if possible.

Wyant, Sr. took it upon himself to make and deliver to both plaintiffs a guaranty. The guaranty delivered to each of the plaintiffs was in almost identical language. The one delivered to Pascuzzi read as follows:

"I will personally guarantee and pay off any increase of Indebtedness above balance owing you on March 1–71 by Will Wyant Jr if you agree to give Him chance to operate till 9–1–71 He to continue to trade with you I believe He can pay off the trade at least 500.00 per month total Indebtedness owing with your cooperation"

The one delivered to Palermo read as follows:

"I will personally guarantee guarantee [sic] to pay any increase of indebtedness owing you March 1–71 by my son Will Wyant Jr if you agree to give him chance to continue till 9–1–71 He to continue to

trade with you I believe He can pay off to the trade at least $500.00 per month of indebtedness or more with your cooperation"

During the trial, evidence was offered concerning conversations which Wyant, Sr. had at the time the guaranty was delivered to Pascuzzi. Plaintiffs maintained from this evidence and from the language of the guaranty that there was no ambiguity and the guaranty clearly covered all purchases which Wyant, Jr. made from each plaintiff after March 1. Wyant, Sr. took the position the guaranty was not completely unambiguous but that it covered only any increase in the balance due which Wyant, Jr. owed to each plaintiff on September 1, 1971, over and above the balance due on March 1, 1971.

The evidence further showed that Wyant, Jr. had made purchases from Pascuzzi during the period of March 1 to September 1 of $15,728.80, and purchases from Palermo during such period totalling $4,443.80. The parties stipulated that on March 1, 1971, Wyant, Jr. owed Pascuzzi $8,429.75 and on September 1, 1971, his balance was $6,747.05. The balance due Palermo on March 1, 1971, was $7,237.35, and the balance on September 1, 1971, was $7,105.10. The evidence further showed payments by Wyant, Jr. during this period which accounts for the smaller balance on both accounts in September than in March.

The trial court made findings of fact and conclusions of law in which it was concluded Wyant, Sr.'s guaranty was not for all purchases made by Wyant, Jr. during the period in question, but extended only to any amount Wyant, Jr.'s indebtedness to either plaintiff on September 1, 1971, was over and above his indebtedness to either plaintiff on March 1, 1971. The court further found pursuant to the parties' stipulation that Wyant, Jr. actually owed less to each plaintiff on September 1, 1971, than he had on March 1 of that year.

■ Plaintiffs have appealed the judgment against them and in favor of both Wyant, Jr. and Wyant, Sr., but on this appeal brief only the alleged error in finding in favor of Wyant, Sr. The appeal as against Wyant, Jr. is, therefore, deemed to be abandoned. *Komanetsky v. Missouri State Medical Association*, 516 S.W.2d 545 (Mo.App.1974).

Plaintiffs urge on appeal that Wyant, Sr.'s guaranty was ambiguous and urge this court to look at the guaranty and by applying a number of subsidiary rules of construction find the guaranty would include all purchases Wyant, Jr. made between March and September.

Plaintiffs now contend the words "increase of indebtedness" in the guaranty means all purchases, because, as plaintiffs point out, each time Wyant, Jr. made a purchase during the period in question, he thereby increased his indebtedness. This regardless of any payment which might thereafter be made.

The trial court did not make a specific finding as to ambiguity, but its finding is consistent only with the other meaning which plaintiffs concede can be ascribed to the words in question, i. e., the difference in balance between March 1 and September 1.

■ This court has concluded the language used by Wyant, Sr. was plain and unambiguous. The trial court correctly found that the language in question only obligated Wyant, Sr. to pay any increase in the amount which Wyant, Jr. owed as between September 1 and March 1. It is stated in 17A C.J.S. Contracts ¶ 294, pp. 33, 34, "neither the parties nor a court can create an ambiguity where none exists." Therefore, even though both parties on this appeal state the guaranty is ambiguous, neither they nor this court can create an ambiguity where none exists. See also *John Deere Company v. Hensley*, 527 S.W.2d 363 (Mo. banc 1975).

" 'If the terms of a contract are clear and unambiguous the contract will be enforced or given effect in accordance with its terms, and without resort to construction to determine the intention of the parties. . . .

When the language of a contract is plain, there can be no construction because there is nothing to construe. *Mickleberry's* [sic] *Food Products Co. v. Haeussermann,* Mo. Sup., 247 S.W.2d 731, loc. cit. 738.'" *Willman v. Beheler,* 499 S.W.2d 770, 774[1–5] (Mo.1973).

The language used by Wyant, Sr. is very clear and concise, even though it may be thought to be inartistic. The guaranty was to pay "any increase of indebtedness above balance owing you on March 1–71." The guaranty continued that it was to be good if the plaintiffs would agree to give Wyant, Jr. a chance to operate until September 1, and further continued that Wyant, Jr. would continue to trade with the plaintiffs during the period specified. There can be no doubt this language revealed the intent on the part of Wyant, Sr. that Wyant, Jr. would continue to do business with the plaintiffs. There is also no doubt that Wyant, Jr. was indebted to the plaintiffs as of March 1. It is manifest the whole purpose in Wyant, Sr.'s giving the guaranty was to give Wyant, Jr. six months in which to operate with the plaintiffs being sure they would not be any worse off at the end of this period of time by having continued to do business with Wyant, Jr. It is obvious Wyant, Sr. was fearful the plaintiffs would refuse to sell to Wyant, Jr. after March 1, with the result Wyant, Jr. would probably be forced out of business. By guarantying the plaintiffs would not be out any more by having continued to do business with Wyant, Jr. for an additional six months, Wyant, Sr. was giving his son that period in which the son could possibly reverse his financial condition and would then have been able to continue in business. Of course, if Wyant, Jr. did not make any payments to the plaintiffs after March 1 for purchases made, then there would be an increase in the indebtedness for the amount of such purchases. However, by using the phrase "increase of indebtedness" it is clear Wyant, Sr. was not guarantying to pay the full amount of purchases made during this period, but agreed only to pay that amount by which the indebtedness on September 1 exceeded the indebtedness on March 1.

Wyant, Sr. had been in the produce business long enough and demonstrated a sufficient knowledge of the English language that had he intended to pay for all purchases made by Wyant, Jr. during this period, he would have used the term "purchase" or "sales" or would have otherwise clearly expressed the intention to pay for everything Wyant, Jr. bought from the plaintiffs during that time.

Since the language of guaranty is not ambiguous, the guarantor's obligation or liability is not to be extended beyond the strict letter of his obligation. *Industrial Bank & Trust Company v. Hesselberg,* 195 S.W.2d 470 (Mo.1946). The strict letter of Wyant, Sr.'s obligation was to pay any increase in Wyant, Jr.'s indebtedness as it stood on September 1, 1971, over what it was on March 1, 1971. Since Wyant, Jr. owed both plaintiffs less on September 1 than he did on March 1, there is no liability under this guaranty on Wyant, Sr.

The judgment is affirmed.

All concur.