**MISSOURI RENTAL AND LEASING INC., A Corporation d/b/a Dollar Rent–A–Car, Respondent,**

v.

**Roosevelt and Shanda WALKER, Appellants.**

**No. ED 76256.**

Missouri Court of Appeals, Eastern District, Division Three.

March 14, 2000.

William R. Dorsey, Clayton, for appellant.

Pamela P. Floro, St. Louis, for respondent.

LAWRENCE E. MOONEY, Judge.

Roosevelt Walker and Shanda Walker ("Lessees") appeal the trial court's judgment in favor of Missouri Rental and Leasing d/b/a Dollar Rent–A–Car ("Lessor") for damage to a car rented to Lessees by Lessor pursuant to a written contract. On appeal, Lessees claim that the trial court misapplied the law in giving the words "authorized driver" a meaning not found in the contract and in failing to construe the contract against its drafter, Lessor. We reverse.

## FACTS

The facts of this case are undisputed. Roosevelt Walker, having the required credit card, agreed to rent a car for his son and daughter-in-law, Kurt and Shanda Walker, while their personal automobile was in the shop for repairs. On July 25, 1997, Lessees entered into a written contract with Lessor for the rental of a 1997 Dodge Neon. Roosevelt Walker signed the

contract as "Renter," and Shanda Walker signed the contract as "Additional Driver." No mention was made of Kurt Walker in the contract.

Lessees paid an extra $14.95 a day to obtain a "Loss Damage Waiver" on the rented Neon. The Loss Damage Waiver states that although it is not "insurance," it waives the driver's financial responsibility for any damage to the rental car up to 100%. Had Lessees not accepted this Loss Damage Waiver coverage, they would have been responsible for any damage done to the rental car while in their possession. The contract further provides that Loss Damage Waiver coverage "will not be extended when the damage occurs while the vehicle is operated by a person other than an authorized driver." Lessor admits that the contract fails to define the term "authorized driver."

On July 28, 1997, Kurt Walker was involved in an accident while driving the rented Neon, and the vehicle sustained damage in the amount of $5,593.83. Lessor demanded payment from Lessees for these damages, and upon their refusal to pay, instituted this lawsuit. The case was submitted to the trial court on stipulated facts and evidence. The trial court entered judgment against Lessees for the damage to the car, plus interest and attorneys' fees, for a total of $8,826.23. Lessees timely filed this appeal.

### ANALYSIS

In a case submitted on stipulated facts, the only issue on appeal is whether the trial court drew the proper legal conclusions from those facts. *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo. banc 1979). The sole issue on appeal is thus whether the trial court erred in concluding that Kurt Walker was not an "authorized driver" for purposes of the Loss Damage Waiver coverage. To answer this question, we must first determine whether the term "authorized driver" as used in the rental agreement is ambiguous.

"A contract is ambiguous when the terms are susceptible of more than one meaning so that reasonable persons may fairly and honestly differ in their construction of the terms." *Chehval v. St. John's Mercy Medical Center*, 958 S.W.2d 36, 38 (Mo.App. E.D.1997). "In construing ambiguous contracts, the objective is to ascertain and render effective the mutual intent of the parties; and to achieve this objective the court will consider the entire contract, subsidiary agreements, the relationship of the parties, the subject matter of the contract, the facts and circumstances surrounding the execution of the contract, the practical construction the parties themselves placed on the contract by their acts and deeds, and other external circumstances which shed light on the intent of the parties." *Busch & Latta Painting Corp. v. State Highway Comm'n*, 597 S.W.2d 189, 197–198 (Mo.App. W.D.1980).

Lessor contends that, as used in the contract, the term "authorized driver" only refers to a person who actually signed the contract. Lessees disagree, arguing that even though Kurt Walker did not sign the rental agreement, he was an "authorized driver," because he was a duly licensed and insured driver of this State, operating the vehicle for a legal and proper purpose with the permission of his father and wife, the Lessees of the vehicle.

We need look no further than the language of the contract itself to determine that the parties clearly intended persons other than the contract's signatories to be "authorized drivers." The opening paragraph of the Rental Agreement states: 'This agreement is between the persons signing ("you") and the Dollar Systems, Inc., Licensee identified on the reverse side ("Dollar").' In the Addendum to Terms, the "Renter's Third Party Liability Responsibility" section states, "You and your insurance company will be responsible for handling, defending and paying all third-party claims for bodily injury, death, property damage caused by or arising from the use or operation of the Vehicle

during the rental, and You *and any Additional Authorized Driver(s)* agree to defend, indemnify and hold Dollar harmless from and against any and all such third-party claims." (Italics added.) Because "You" is explicitly defined as the persons signing the contract, the italicized language above would be completely superfluous if the only authorized drivers were the actual signatories to the contract.

Other language in the contract also suggests that the parties intended for persons other than the contract's signatories to be "authorized drivers." For instance, in defining what conduct constitutes a breach of the agreement, several paragraphs begin with the phrase "You must not use *or permit the use of the vehicle* ... " (Italics added.) There would have been no need to include the phrase "permit the use of the vehicle" if the only persons authorized to use the vehicle were the signatories to the contract, as the signatories to the contract are already encompassed within the definition of "You."

The language of the contract thus makes clear that the parties intended that persons other than those signing the contract could be "authorized drivers." As such, Lessor's interpretation of the contract is not reasonable. Conversely, we find that Lessees' proposed interpretation is a fair one.

Car rental agencies commonly include the renter's spouse and immediate family, living in their household, and having their express permission to drive the car, within the definition of "authorized driver." *See Royal Indem. Co. v. Shull,* 665 S.W.2d 345, 346 (Mo. banc 1984) (Hertz' agreement stated that the "vehicle shall NOT be operated by any person except Customer and the following Authorized Operators who must be validly licensed to drive and have Customer's prior permission: persons 21 or over who are members of Customer's immediate family and permanently reside in Customer's household..."); *U.S.F. & G. v. Budget Rent–A–Car,* 842 P.2d 208, 212 (Colo.1992) (Budget's agreement stated "In addition to Renter, the Vehicle may be driven...by a licensed driver who is a member of Renter's immediate family and permanently resides in Renter's household and who is twenty-one (21) or over..."); *Pedevillano v. Bryon,* 231 Conn. 265, 648 A.2d 873, 874 (1994) (rental agreement stated, "The Renter and the following validly licensed individuals with Renter's permission may operate the Vehicle: Renter's spouse..."). Given that rental companies commonly include members of the Lessee's immediate family within the definition of "authorized driver," we believe that it is quite reasonable for a layman to adopt this definition when the term is undefined in the contract.

Although we find that Lessees have advanced a reasonable interpretation of the contract, there is no evidence of the parties' intent as to the exact scope of the term "authorized driver." In other words, it is still unclear exactly who, other than the two signatories to the contract, would be included within the meaning of "authorized driver" as that term is used in the contract. Further, the term "authorized driver" has no inherent meaning. Accordingly, the term "authorized driver" remains subject to various reasonable interpretations, and is therefore ambiguous despite the fact that we have rejected Lessor's interpretation.

■ When, as here, there is no evidence of the parties' intent as to the meaning of an ambiguous term in a contract, we resort to the canons of construction. *Graham v. Goodman,* 850 S.W.2d 351, 355–356 (Mo. banc 1993). One such canon is particularly relevant in this case. "If a contract is fairly open to two interpretations, that construction must be adopted which is against him who prepared it and favor him who merely signed it." *Id.* at 355; *quoting John Deere Co. v. Hensley,* 527 S.W.2d 363, 365 (Mo. banc 1975). Given that Lessor neglected to make clear who constituted an "authorized driver" for purposes of the Loss Damage Waiver, it should bear the burden of any resulting confusion.

Because we have held above that Lessees' interpretation of the term "authorized driver" as including Kurt Walker is reasonable, and there is no evidence of the parties' intent as to the meaning of the ambiguous contract term, we adopt the construction favorable to the party who merely signed the agreement. As such, we hold that Kurt Walker was an "authorized driver" for purposes of the Loss Damage Waiver.

Accordingly, we reverse the judgment of the trial court and, pursuant to Rule 84.14, order that judgment be entered in favor of Lessees.

RICHARD B. TEITELMAN, P.J., and CLIFFORD H. AHRENS, J., concur.