# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2661

_____

Gerry Seaboldt,

        Appellant,

    v.

Universal Underwriters Insurance
Company,

        Appellee.

\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    Western District of Missouri.
\*
\*       [UNPUBLISHED]
\*
\*

_____

Submitted: June 14, 2010
Filed: July 19, 2010

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Gerry Seaboldt appeals from the district court's[1] grant of summary judgment in favor of Universal Underwriters Insurance Company (Universal) related to an underinsured motorist insurance (UIM) claim he made against Universal. Having carefully reviewed the record, we affirm.

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Gerry Seaboldt was driving a vehicle owned by his employer, Jeremy Franklin Suzuki, when a vehicle driven by Denise Richardson swerved into Seaboldt's lane and caused him to hit a tree. Seaboldt suffered extensive injuries, and the district court ultimately determined that he suffered damages in the form of lost wages (past and future), medical expenses, and pain and suffering totaling over $1,500,000. Seaboldt settled with Richardson and her insurer for her policy limits of $50,000. Universal insured the Jeremy Franklin Suzuki fleet of vehicles, including the one driven by Seaboldt, and refused to pay Seaboldt under the applicable UIM provisions of its policy.

Seaboldt filed a declaratory judgment action against Universal, and both parties filed motions for summary judgment. The Universal policy contained two different UIM policy limits, one providing coverage up to $50,000 and one up to $500,000, and the district court concluded that the lesser limit applied to Seaboldt. The district court also concluded that the UIM coverage was not subject to setoff by the Richardson payment or by any amounts Seaboldt would eventually recover from his workers' compensation claim. The court held a second hearing on damages and awarded Seaboldt the $50,000 policy limits under Universal's UIM policy.

On appeal, Seaboldt argues that the Universal policy containing two UIM provisions with different limits is ambiguous and that he should be entitled to the UIM provision with the higher $500,000 limit. We review *de novo* the district court's conclusion that the policy was not ambiguous. See Med. Protective Co. v. Bubenik, 594 F.3d 1047, 1051 (8th Cir. 2010) (standard of review). It is settled Missouri law that insurance contracts are read as a whole in determining whether the policy contains any ambiguities. See Rice v. Shelter Mut. Ins. Co., 301 S.W.3d 43, 47 (Mo. 2009). "If an entire policy is analyzed in context and found to be unambiguous, i.e., its language is plain, straightforward, and susceptible of only one meaning, the rules of construction are inapplicable, and absent public policy to the contrary, the contract will be enforced as written." Id. (internal marks omitted). Only if ambiguities

exist—such as duplicity, indistinctness, or uncertainty as to a provision's meaning—that leave the policy open to different constructions do Missouri courts interpret a policy based on the way a lay person would understand it.  Id.

The policy at issue insures a number of related corporations, including Seaboldt's employer Jeremy Franklin Suzuki, and individual members of the Franklin family who own the corporations.  Because of the large number of insureds, for each type of coverage provided, the declarations page lists the coverage, the insureds, the locations, the perils insured, and the limits.

As noted by the district court, the policy lists UIM coverage twice, once providing a policy limit of $50,000 per person and once providing a limit of $500,000. The first UIM coverage for $50,000 per person is listed under the heading "UNINSURED MOTORISTS (PART 530)."  (Appellant's App. at 20.)  It includes Endorsement 0091, which has the effect of adding UIM insurance to Part 530, which otherwise provides uninsured motorists (UM) coverage, by adding underinsured vehicles to the definition of an "Uninsured Motor Vehicle."  No other endorsements are listed.  The column for "insureds" is blank, and we agree with the district court that to the extent this makes that coverage unclear, it should be read as applying to all insureds, including Seaboldt.

The second UIM coverage of $500,000 is listed under the heading "UNINSURED MOTORISTS" with two subheadings: "INDIVIDUALS DESIGNATED BELOW" and "COVERAGE PART 500 COVERED AUTOS." Like the first UIM coverage, it includes Endorsement 0091, but it additionally includes Endorsement 0344 Designated Individuals. That endorsement provides that "who is an insured" is changed for any coverage containing this endorsement to be defined as the individuals (and family members) designated on the declarations as subject to the endorsement and any passenger in a covered auto driven by one of the designated individuals. (Id. at 46.)  In the "insureds" column of the declarations page, the policy

states "see below" next to the UIM coverage providing a $500,000 limit. Directly below the list of applicable endorsements are the names of six individuals from the Franklin family. Based on both the "see below" statement in the insureds column and the inclusion of Endorsement 0344, it is clear that the second UIM provision containing the higher $500,000 limit applies only to the designated individuals, their family members, and their passengers. Seaboldt does not qualify as an insured under Endorsement 0344, as he is not a designated individual.

The final piece of this policy puzzle involves application of the Missouri State Amendatory Part, which provides a superceding definition of "who is an insured" "when Underinsured Motorists coverage is shown in the declarations as applicable to a coverage part." (Id. at 38.) However, by its own terms, the State Amendatory Part replaces only Part 530, Endorsement 091, and Endorsement 203 with its broader definition of who is an insured. It does not replace Endorsement 0344, which provides a specific designation of insured individuals. We agree with the district court that the State Amendatory Part does not make the policy ambiguous concerning who is an insured for purposes of the $500,000 limits because it does not purport to replace Endorsement 0344. Endorsement 0344 explicitly provides that it changes the policy by replacing the "who is an insured" condition, so no reasonable person would believe that the State Amendatory Part applied instead. Thus, there is no ambiguity concerning which definition of who is an insured controls for purposes of the $500,000 limit.

We find further support for our conclusion that the $500,000 limit applies only to the designated individuals from the rule that a contract is to be read to give effect to all its provisions so as to avoid rendering any provision superfluous. See Mo. Rental & Leasing, Inc. v. Walker, 14 S.W.3d 638, 641 (Mo. Ct. App. 2000) (rejecting interpretation that would make other language completely superfluous). "We construe each of the terms to avoid rendering the other terms meaningless, and we prefer a 'construction that attributes a reasonable meaning to all the provisions of the

-4-

agreement . . . to one that leaves some of the provisions without function or sense.'" Portell v. AmeriCold Logistics, LLC, 571 F.3d 822, 824 (8th Cir. 2009) (quoting Dunn Indus. Group, Inc. v. City of Sugar Creek, 112 S.W.3d 421, 428 (Mo. 2003) (alterations in original)); see also Rabius v. Brandon, 257 S.W.3d 641, 645-46 (Mo. Ct. App. 2008)("[U]nless it cannot be avoided, language should not be interpreted to nullify contractual provisions. It is preferable to attribute a reasonable meaning to each clause and harmonize all provisions, rather than leave some provisions non-functional . . . ." (internal citations and marks omitted)).  If both UIM provisions covered the same insureds, which would be the case under Seaboldt's interpretation, the provision with the lower limit would never apply.  We reject Seaboldt's strained interpretation that would leave the lesser policy limit meaningless.

The district court's judgment is affirmed.

_____